INGRAHAM, McLAUGHLIN, LAUGHLIN and SCOTT, JJ., concurred.

Judgment and order reversed and new trial ordered, costs to appellant to abide event.

———————

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHRISTOPHER COSMIDES, Appellant.

First Department, June 18, 1909.

Crime — receiving stolen property — evidence — place of receipt — conversation of which part is relevant — witness — cross-examination of defendant.

The place of the criminal receipt of stolen goods may be shown by circumstantial evidence.

Where on the trial of an indictment for criminally receiving stolen goods it is shown that the theft was committed in the city of New York; that the thief there delivered the stolen property to one G.; that the defendant was associated with G., who had hired the thief to steal the goods with the avowed purpose of disposing of them in another State to the knowledge of the defendant, and that the defendant under an assumed name pledged the stolen goods in Boston, the fair inference is that the defendant received the property in the city of New York or had it sent to him in Boston, which is the same thing.

It is not reversible error to permit a witness to state a conversation between himself, the defendant and G., in which G. asked the witness to find him another

man to commit a similar larceny, where such statement was only part of a conversation in which defendant admitted having pledged the stolen property.

The defendant in a criminal action may be required on cross-examination to answer questions respecting his past life and conduct.

APPEAL by the defendant, Christopher Cosmides, from a judgment of the Court of General Sessions of the Peace in and for the county of New York, rendered on the 29th day of January, 1909, convicting the defendant of the crime of receiving stolen property, and also from an order denying the defendant's motion for a new trial.

*Terence J. McManus*, for the appellant.

*William Travers Jerome*, District Attorney [*Robert C. Taylor*, Assistant District Attorney], for the respondent.

HOUGHTON, J..

The defendant was indicted upon two counts, one for the larceny of a certificate for 100 shares of the preferred stock of the United States Steel Corporation, and the other for receiving such stock knowing it to have been stolen.

The first count was withdrawn and the defendant was tried and convicted for criminally receiving stolen property. The defendant did not dispute that the stock was stolen. His defense was that he never received it or knew of, or had anything to do with it. The man who committed the larceny was sworn in behalf of the People and he testified that after he had committed the larceny he delivered the certificate of stock to one Goslin in the county of New York, under an arrangement that he was to have a portion of the money realized upon it. Some months thereafter, the People proved that this defendant, under the assumed name of Burrowe, pledged the stock with a Boston bank as security for a loan of $7,500. According to some of the testimony the appearance of Burrowe was quite different from that of the defendant. The witnesses, however, were positive in their identification of the defendant as the man who presented the stock to the bank and negotiated the loan. Although the defendant denied that he did so, or that he was ever in Boston, and produced some witnesses tending to prove that he could not have been, still the question of defendant's identity was

a fair one for the jury. They determined against the defendant. and we think properly.

The only serious question presented on this appeal is whether or not there was sufficient proof that the defendant received the certificate of stock in the county of New York to constitute a commission of the crime in that county. There is no direct evidence of the fact. Circumstances and facts, however, were shown which we think proved that the defendant originally received the certificate of stock in New York county and took it to Boston or had it sent to him there to negotiate. It is unnecessary to enumerate in detail all of the evidence upon the subject. The defendant was proved to have been associated with Goslin who hired the thief to steal the stock with the avowed purpose of having it negotiated in some other State, to the knowledge of the defendant, as disclosed by various interviews when the defendant was present, and by the defendant's own admission, testified to by witnesses produced by the People, and by admissions of the defendant that he had been to Boston and passed under the name of Burrowe and had pledged the stock. If the defendant was Burrowe, as the jury found, and pledged the stock in. Boston and knew the purpose of Goslin to procure it to be stolen so that the defendant could negotiate it in that or some other city, the fair inference is that the defendant received the stock in the city of New York and himself carried it to Boston or had it sent to him there, which would amount to the same thing. According to the People's witnesses the stock was stolen here, received by Goslin here, all to the knowledge of the defendant. In furtherance of the scheme the defendant subsequently negotiated it. The only fair inference to be drawn from such a state of affairs is that it was delivered to the defendant here and that he took it to Boston, or that it was transported to Boston from the city of New York by his direction, which would amount in law to a delivery here. Knowledge that goods received were stolen may be proved by circumstances (*People* v. *Schooley*, 149 N. Y. 99), and there is no reason why the place of receipt cannot also be proved by circumstances.

There was no reversible error in permitting the witness Jobelman to detail the conversation had between himself and Goslin and the defendant, in which Goslin asked the witness to find him another

bright young man who would commit a similar larceny, for that was only a part of the conversation in which the defendant admitted that he was Burrowe, and told the witness that he would not have known him if he had seen him then with his beard and cane and rheumatism.

Nor was there any error committed in overruling the objections to questions put to the defendant while on the stand. He submitted himself as a witness in his own behalf and questions respecting his past life and conduct were proper.

We think there was sufficient evidence to show that the crime of receiving the property knowing it to have been stolen was committed in the county of New York, and that the defendant was properly convicted and, therefore, the judgment appealed from should be affirmed.

INGRAHAM, McLAUGHLIN, LAUGHLIN and SCOTT, JJ., concurred.

Judgment affirmed.