## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### October 4, 1918.

## THE PEOPLE v. EDWARD CUNNEEN, alias EDWARD J. CUNNEEN, Appellant, Impleaded with WILLIAM ROONEY and ALFRED OLSEN.

(184 App. Div. 575.)

(1.) ROBBERY IN THE FIRST DEGREE AS FOURTH OFFENSE—EVIDENCE.

It is incompetent for the prosecution in a case where the identification of the defendant as a guilty party is at issue and doubtful, to bolster up the testimony of an identifying witness by his own testimony of a later identification by him of the defendant as such party out of court.

(2.) SAME—CORROBORATION OF LEADING WITNESS AS TO IDENTIFICATION BY HIS OWN TESTIMONY OF LATER IDENTIFICATION BY HIM.

Where, upon the prosecution of a defendant for robbery in the first degree as a fourth offense, defendant called a reliable but reluctant witness who testified as to a meeting with the defendant at the time when the crime is claimed to have been committed, but was unable to positively fix the date unless allowed to refresh his memory from a book in which he had recorded the receipt of money two or three days after said meeting, the defendant's counsel should have been allowed the utmost latitude on examination, and the court, even of its own volition, should have required the production of the book.

APPEAL by the defendant, Edward Cunneen, from a judgment of the County Court of Kings county, rendered against him on the 16th day of April, 1917, convicting him of the crime of robbery in the first degree as a fourth offense.

*Robert H. Elder,* for the appellant.

*John E. Ruston, Assistant District Attorney (Harry E. Lewis, District Attorney, and Harry G. Anderson, Assistant District Attorney, with him on the brief), for the respondent.*

MILLS, J.:

This is an appeal by the above-named defendant from a judgment of the County Court of Kings county adjudging the defendant guilty of robbery in the first degree as a fourth offense, and sentencing him to imprisonment in the State prison for the term of his natural life. The fact of the three prior convictions was proven and is not here questioned.

Appellant's counsel claims here that the defendant did not have a fair trial, in that certain errors to his manifest prejudice were committed by the trial court in the conduct of the trial, although no objection or exception was taken thereto in defendant's behalf. In support of such claim appellant's counsel contends: (a) That the prosecution was permitted to corroborate its leading witness, Moser, by his own direct testimony that he, subsequently to the commission of the crime, saw the defendant upon the streets and identified him at once as one of the men who committed the robbery; and (b) that the trial court did not afford defendant's trial counsel adequate opportunity to elicit the testimony of the witness Wahle, the leading witness for defendant, to establish his defense of alibi.

As to the first contention, the criminal transaction as stated by the witnesses for the People may be briefly summarized thus: One Mrs. Patterson kept a rooming house at 154 Lawrence street, Brooklyn. The evening of March 8, 1917, she opened a poker game with her roomers and friends and continued without interruption until eleven-fifteen A. M. the following morning. At that time the door bell rang and, upon the door being opened, some six men rushed in, two of whom had played in the game earlier and lost. Those men proceeded to rough-house the establishment, incidentally robbing her of some

money and also some of the others. Mrs. Patterson and one Moser, who was present, as witnesses, identified defendant as one of the men. The other witness for the People, Brown, who was present, did not recognize him. Upon Moser's direct examination by the People he, in answer to apt questions, testified that some hours after the commission of the crime he went out on the streets of Brooklyn in company with a detective and there saw a man in the street whom he identified as one of the gang, and that that man was at once arrested and proved to be the defendant. On cross-examination defendant's trial counsel examined the witness at great length, evidently in a futile endeavor to shake his testimony as to such subsequent identification. In summing up, the counsel for the People made much of that testimony, and the learned court in his charge did likewise.

Defendant, as a witness in his own behalf, denied that he was present at the place at all, by giving in detail his whereabouts that day and the night before. Strange to say, neither counsel appears to have asked him the direct question whether he was there or not. It is manifest that it is open to at least some doubt whether or not defendant was one of the criminal parties. The identification of him as such rests merely upon what the witnesses saw of him, if anything, in the excitement of the affair. They did not claim to have known him before. The learned counsel for the defendant here contends that the case, as to such testimony of subsequent identification, falls directly within the condemnation of People v. Seppi (221 N. Y. 62) and People v. Jung Hing (212 id. 393, 31 N. Y. Crim. 469). In each of those cases it was directly held that it was incompetent for the prosecution, in a case where the identification of the defendant as a guilty party was at issue, to bolster up the testimony of an identifying witness by even his own testimony of a later identification by him of the defendant as such party out of court. Indeed in the latter of those cases it was held

that the error of such proceeding was so great and prejudicial as to require a reversal and a new trial, although no objection had been taken to the testimony and no exception to its admission, which is the situation here.

As to the second contention of error made by the counsel for the defendant here, the following is the situation: Defendant called and examined one William Wahle to establish that he (Wahle) was with him in a certain theatre at the time when it was claimed by the People's witnesses that the crime was committed. The respondent's learned counsel here, in his brief, admits that Wahle was a perfectly reliable witness, and the general trend of his testimony in the record indicates as much. Wahle testified to the meeting and to his being with defendant as claimed on a certain Friday, but was unable to positively fix the day as March ninth. The learned counsel for the defendant made strenuous efforts to get the witness to refresh his memory by recalling collateral events. Those efforts were baffled by the evident reluctance of the witness, and more, I think, by the interference of the court, or of the People's counsel with the tacit approval of the court. It finally came down to this, that the witness, two or three days after that meeting, put down in his book the receipt of certain money, and if he saw that entry would know that the day of the meeting was the Friday before the day of that entry. Defendant's counsel was chided for not having the book in court, and finally the objection of the People's counsel to his efforts to establish the date by calculating back from the witness's appearance in court after defendant's arrest (I infer the Police Court was meant) was sustained by the court, defendant's counsel excepting. I think that the situation presented was one where defendant's counsel should have been allowed the utmost latitude on cross-examination of the evidently reluctant witness, and even that the court, of his own volition, should have required the production of the book.

I advise, therefore, that the judgment of the County Court of Kings county be reversed and a new trial ordered.

JENKS, P. J., BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment of conviction of the County Court of Kings county reversed and new trial ordered.