## COURT OF APPEALS.

December, 1921.

## THE PEOPLE v. FLOYD E. SLOVER.

(232 N. Y. 264.)

(1) MURDER IN THE FIRST DEGREE.

Upon examination of the record on this appeal, *held,* that the facts show beyond reasonable doubt that defendant was guilty of murder in the first degree.

(2) SAME—SUFFICIENCY OF EVIDENCE.

It is the duty of this court in death cases to uphold the rights of the accused even in the absence of an exception, but we are also required to disregard errors which do not affect the substantial rights of the defendant.   (Code Crim. Pro., §§ 528, 542.)

(3) SAME—DUTY OF DISTRICT ATTORNEY TO RETAIN FROM OVERZEALOUS ADVOCACY.

While freedom of advocacy must not be held too strictly in check it must not exceed the bounds of ordinary decency and decorum. Even in cases of clearest guilt, in death cases emphatically, it is the duty of the district attorney to refrain from overzealous advocacy.

(4) SAME—UNSEEMLY AND UNSAFE APPEALS TO PREJUDICES OF JURORS.

Upon examination of the record in this case, *held*, that unseemly and unsafe appeals to the prejudices of the jurors were made by the district attorney, and if it were not for the convincing probability that the result was not affected we would enforce the rule against the improper examination of witnesses and abusive arguments resorted to only for the purpose of producing a conviction at all hazards.

(5) SAME—IMPROPER EVIDENCE THAT DECEASED HAD SEVEN CHILDREN.

Proof that decedent was the father of seven children, the youngest being a little girl of ten, was no proper part of the People's case.

(6) SAME—IMPROPER CROSS-EXAMINATION AS TO CRIMINAL ACTS OF DEFENDANT.

Within proper bounds, cross-examination as to criminal acts of a witness is not objectionable, but a limit must be placed on the range of such questions. They may not be asked for the improper purpose of planting in the minds of the jury suspicion and distrust by insinuations that the defendant has falsely denied his guilt as to collateral matters. The district attorney may not in fairness multiply questions as to acts of collateral misconduct when no purpose is served except to prejudice the jurors. The discretion which courts possess to permit questions as to collateral acts to be put to a defendant in a criminal case for the purpose of impairing his credibility should be exercised with caution.

(7) SAME.

The question, ''How about a brooch that you stole up there and gave to Mrs. Gass?'' is objectionable as being in the form of assertion rather than interrogation.

(8) SAME—IMPROPER SUGGESTION ON TRIAL THAT DEFENDANT SHOULD HAVE CALLED A PREVIOUSLY CONVICTED ACCOMPLICE.

A suggestion on the trial, by the prosecuting attorney, that defendant should have called, as a witness on the question of intent, an accomplice who had previously been convicted for murder in the first degree on the same charge as defendant, is fantastic. The proposed witness would be conclusively 'impeached by the record of his own conviction.

(9) SAME—EXCEPTION TO REMARKS OF COUNSEL.

An exception to remarks of counsel where no ruling was asked for or direction made by the court presents no question of law for review.

(10) SAME—IMPROPER STATEMENT BY DISTRICT ATTORNEY THAT HE WAS NOT ALLOWED TO ACCEPT PLEA OF GUILTY IN SECOND DEGREE.

A statement by the district attorney to the jury that he was not allowed to take from the defendant a plea of guilty in the second degree was improper.

(11) SAME—WHEN ENDS OF JUSTICE REQUIRE AFFIRMANCE DESPITE ERROR ON TRIAL.

Upon examination of the record, *held*, that no error which substantially affected the rights of defendant appears thereon and that it is inconceivable that the calmest and most dispassionate conduct on the part of the district attorney would have changed the result. The ends of justice, therefore, require an affirmance under section 542 of the Code of Criminal Procedure.

APPEAL from a judgment of the Supreme Court, rendered January 21, 1921, at a Trial Term for the county of Erie upon a verdict convicting the defendant of the crime of murder in the first degree.

*W. J. Evans, Samuel J. Dickey* and *George B. Russell,* for appellant. It was error to permit the district attorney on cross-examination of the defendant to continually accuse him of committing other crimes. (People v. Crapo, 76 N. Y. 288.)

*Guy B. Moore, District Attorney (Walter F. Hofheins,* of counsel), for respondent. The district attorney had the right to cross-examine defendant as to previous crimes committed by him. (People v. Hinksman, 192 N. Y. 421; People v. Mulford, 232 N. Y. 530.)

PER CURIAM:

The record on this appeal is largely the same as in People v. Mulford (232 N. Y. 530), where a conviction of murder in the first degree was affirmed. Mulford was convicted as an aider and abettor of this defendant who is charged with the actual shooting that unquestionably caused death.

The facts show beyond reasonable doubt that defendant was

guilty of murder in the first degree. From his own statement it appears that he went, armed with a revolver and accompanied by Mulford and Webber, his alleged accomplices, into the store of one Yellen on Seneca street in Buffalo to steal an overcoat, and while engaged in the commission of that crime he shot and killed Yellen. He fired two shots into Yellen's body and a third shot which struck Yellen's finger. His theory of defense on the trial was that Yellen, prematurely frightened by the sight of a revolver in defendant's hands when he was trying on the overcoat, sprung on him and that the shooting was accidental. We would affirm without opinion if it were not for the contention of the defendant that the district attorney deprived him of a fair trial by making improper appeals to prejudice in his summing up, and by presenting immaterial evidence to create a feeling against him. While freedom of advocacy must not be held too strictly in check it must not exceed the bounds of ordinary decency and decorum (People v. Fielding, 158 N. Y. 542, 547), and it is the duty of this court in death cases to uphold the rights of the accused even in the absence of an exception.

" When the judgment is of death, the Court of Appeals may order a new trial, if it be satisfied that  *  *  * justice requires a new trial, whether any exception shall have been taken or not in the court below." (Code Crim. Pro. § 528.) But " the court must give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." (Code Crim. Pro. § 542.)

The application of the rule requiring us to disregard errors which do not affect the substantial rights of the defendant to cases where it is inconceivable that on a clear record the verdict of the jury would have been otherwise, is no precedent for its application to cases where the evidence presents a close or doubtful question of guilt and where defects or errors may have turned the scale in the minds of the jury to the disadvantage of accused.

We have had before us of late a series of cases where we felt that the district attorney, in examining and cross-examining witnesses and in addressing the jury, went beyond reasonable bounds and sought to bring to the attention of the jury matters which they had no right to consider in arriving at their verdict. We have assumed in each case on its particular facts that the jury were not affected by such matters, but by affirming the judgment of conviction we have not approved the conduct of the district attorney. We have dealt with it as the result of " well-intentioned though misguided zeal " which probably was unheeded by the jury and had no influence on their final action, while in the case of a vigorous dispute over a defendant's mental capacity we have not hesitated to order a new trial for such excess on the part of the prosecutor. (People v. Esposito, 224 N. Y. 370. See also, People v. Mull, 167 N. Y. 247; People v. Wolf, 183 N. Y. 464, 472.)

Even in cases of clearest guilt, in death cases emphatically, it is the duty of the district attorney to refrain from over-zealous advocacy. Unseemly and unsafe appeals to the prejudices of the jurors were made by the district attorney in this case and if it were not for the convincing probability that the result was not affected, we would enforce the rule against improper examination of witnesses and abusive arguments resorted to only for the purpose of producing a conviction at all hazards.

The following instances seem to call for our notice and disapproval as being, when taken as a whole, neither mere inadvertent slips (People v. Becker, 210 N. Y. 274, 292) nor errors fully and fairly corrected by the instructions of the court (People v. Dixon, 231 N. Y. 111, 120).

1. The district attorney as a part of his principal case called a witness to testify that deceased was the father of seven children, the youngest being a little girl of ten. This proof was no proper part of the People's case but the same facts were otherwise incidentally and necessarily developed later in the progress of the trial.

2. Defendant on cross-examination was interrogated, solely for the purpose of discrediting him as a witness, as to many particular criminal acts. His record was not flawless but for the most part he denied that he had done the things as to which he was interrogated and no attempt was made to show that he had been convicted of other crimes. (Code Civ. Pro. § 832.) Within proper bounds, such a cross-examination is not objectionable, but a limit must be placed on the range of such questions. They may not be asked for the improper purpose of planting in the minds of the jury suspicion and distrust by insinuations that the defendant has falsely denied his guilt as as to collateral matters. Although his denials may not be contradicted by extrinsic testimony, the jury is not bound to take as true the word of any witness on such matters (Wigmore, § 981), and the district attorney may not in fairness multiply questions as to acts of collateral misconduct when no purpose is served except to prejudice the jurors. The discretion which courts possess to permit questions as to collateral acts to be put to a defendant in a criminal case for the purpose of impairing his credibility should be exercised with caution. (People v. Crapo, 76 N. Y. 288, 290; People v. Irving, 95 N. Y. 541; People v. Tice, 131 N. Y. 651, 657; People v. Webster, 139 N. Y. 73, 84.) In summing up the district attorney attacked the credibility and good character of defendant vigorously and at length. A weak case thus fortified might result in a conviction on the strength of collateral matters, insinuated and not proved. The discretion of the court was strained to the utmost in this regard.

3. The following question asked on the cross-examination of defendant is objectionable as being in the form of assertion rather than interrogation: " Q. *How about* a brooch that you stole up there and gave to Mrs. Gass? Mr. Evans: I object to this. Q. You said you would tell the truth. Mr. Evans: Incompetent. The Court: Overruled. Mr. Evans: Exception." This, although trivial in itself, when taken in connection

with the entire record, indicates a disregard for the proprieties which should restrain the ardor of the district attorney. The court immediately modified its ruling and said: "You may ask him whether he did steal a brooch."

4. In his closing argument he said on the question of the intent with which the defendant and his accomplices started out on the night of the robbery, that Mulford was a material witness for the defendant and that the jury had the right to draw the inference that Mulford's evidence would be adverse to defendant because he was not called. Mulford had already been convicted of murder in the first degree on the same charge as defendant. · Defendant's counsel objected to the statement of counsel and "took an exception to the remarks of counsel" but made no request for any ruling or direction from the court, nor was any such ruling or direction given. The ordinary rule as to adverse inferences from failure to call available witnesses supposed to be favorable does not apply to Mulford who would be conclusively impeached by the record of his own conviction. (Wigmore, § 287.) The suggestion that defendant should have called him on this point is fantastic, although it may be said that it is of little consequence here what the intent of Mulford and Webber was when they entered the store. Defendant was tried as the principal who killed Yellen and not as a conspirator who like Mulford was responsible for the acts of a fellow-conspirator.

5. The district attorney said to the jury that he was not allowed to take from the defendant a plea of guilty of murder in the second degree, an illegitimate suggestion that defendant was willing to plead guilty of murder in the second degree. Here again defendant's counsel "took an exception" to the district attorney's remarks, but asked for no. ruling from the court and no ruling or direction was made by the court.

An "exception to the remarks of counsel" calls for no ruling by the court and presents no question of law for review. Without regard, however, to the lack of proper exceptions, no error

which substantially affected the rights of defendant appears on the record. Mulford's conviction has already been affirmed. It is inconceivable that the calmest and most dispassionate conduct on the part of the district attorney would have changed the result herein, and, therefore, the ends of justice require an affirmance under Code Criminal Procedure, section 542.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment of conviction affirmed.