## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### March 21, 1923.

### THE PEOPLE v. MARIANNA DOMENICO.

(204 App. Div. 754.)

(1) ROBBERY—EVIDENCE—EVIDENCE OF STATEMENTS AND CONDUCT OF DEFENDANT WHEN CONFRONTED BY COMPLAINING WITNESS IS ADMISSIBLE—SUCH EVIDENCE NOT OBJECTIONABLE AS IDENTIFICATION EVIDENCE.

Evidence is admissible on a prosecution for robbery that when the complaining witness, in company with police officers, accused the defend-

ant as the man who robbed him the defendant said, "No," and dropped his head, and then as the charge was repeated, looked up and said that the complaining witness would be sorry that he did anything about it, or would settle or pay dear for it; such evidence is not objectionable as identification evidence.

(2) SAME—JURY HAS THE RIGHT TO INTERPRET DECLARATIONS AND CONDUCT.

It was for the jury to determine what was the true version of the conversation and conduct occurring at the time and the fair interpretation of such declarations and conduct.

APPEAL by the defendant, Marianna Domenico, from a judgment of County Court of the county of Oneida, rendered against him on the 19th day of February, 1921, convicting him of the crime of robbery in the third degree, and also from an order denying his motion for a new trial.

*Searle & Searle (D. Francis Searle,* of counsel), for the appellant.

*Charles L. DeAngelis,* District Attorney (*Edward L. O'Donnell* and *Frank S. Baker,* of counsel), for respondent.

DAVIS, J.:

The defendant, indicted for robbery in the first degree, has been convicted of the crime of robbery in the third degree. There is sufficient evidence in the record to justify the verdict although the People's evidence is strongly disputed and contradicted by many witnesses. It was for the jury and not for the court to determine the questions arising upon conflicting evidence, and in the absence of anything indicating a misunderstanding by the jury of the questions involved, or of the importance or bearing of particular facts, or that they were affected by some bias or prejudice against the defendant, their conclusion that the defendant was guilty of a crime should not be set aside. (People v. Ferrara, 199 N. Y. 414.)

In addition to the claim that the verdict is clearly against

evidence, the appellant urges several allegations of error in asking for a reversal of the judgment. We deem but one sufficiently important to discuss, the one upon which the certificate of reasonable doubt was granted.

Shortly after the crime was committed, the complaining witness Phillips went with police officers to the house where defendant resided. The latter, who had retired, was called downstairs. The testimony as to the language used and as to just what occurred at that time varies in its details as told by the different witnesses present. In substance it was that Phillips said something accusing the defendant as the man who robbed him. The defendant said, "No," and dropped his head, and then as the charge was repeated, looked up and said Phillips would be sorry that he did anything about it, or would settle or pay dear for it. The appellant claims that evidence of this transaction was incompetent.

Opinion evidence as to the conduct of the accused person may not ordinarily be received. (People v. Smith, 172 N. Y. 210, 229.) But his acts and declarations may be given if they may fairly be interpreted as an admission of connection with the crime or as inconsistent with innocence (Linsday v. People, 63 N. Y. 143, 154); and facts relative to conduct indicating guilt may be shown. (People v. Bosworth, 64 Hun, 72, 81.)

Evidence of the fact that witnesses prior to the trial had pointed out or identified the person charged with the crime, where nothing was said between the person making the identification and the accused, has been held incompetent. (People v. Jung Hing, 212 N. Y. 393; People v. Seppi, 221 id. 62; People v. Cunneen, 184 App. Div. 575; People v. Frasco, 187 id. 299; People v. Ragazinsky, 195 id. 743; People v. Russell, 197 id. 239.) Such evidence is rejected on the ground that it is a self-serving performance of no probative value and may not be used to bolster up other evidence that tends to connect the defendant with the crime. Likewise, accusations made in defendant's presence where he is not called upon to make denial

and makes no intelligible response or denies connection with the crime, may not be given. (People v. Marendi, 213 N. Y. 600.) But if at the time such identification was made the accused should break, down and weep and say, "Yes, you are right, I am the man, I did it," or use other equivalent language, I apprehend no one would claim the evidence of identification or accusation taken with the declarations of the accused, would be incompetent.

The evidence was offered and received, it seems to me, not on the theory that the defendant was being identified, but as to his declarations and admissions which might be interpreted as evidence of guilt. Identification in the ordinary sense was not necessary. Phillips had spent a portion of the evening with defendant and was walking home with him when the alleged robbery occurred. The place where defendant resided was located by Phillips and the officers, and they went there to arrest him. The conversation, together with other acts and conduct of defendant leading to the discovery of certain money in the vest, which Phillips claimed was taken from him, might well be interpreted as pointing to the defendant's guilt.

Confessions of a defendant made under certain circumstances can be given in evidence against him. (Code Crim. Proc., § 395.) Statements and declarations not amounting to a confession but from which, in connection with other evidence of surrounding circumstances, an inference of guilt may be drawn, are admissible against the accused as admissions. (People v. Cahill, 193 N. Y. 232; People v. Cassidy, 133 id. 612; People v. Cosmides, 133 App. Div. 103; affd. 198 N. Y. 566; 16 C. J. 626.) Such admission in the face of accusation may be deemed to be made even by remaining silent (Kelley v. People, 55 N. Y. 565; People v. Collins, 234 id. 355); or responding merely with a shrug of the shoulders. (People v. Ferrara, *supra*, 424, 430; 16 C. J. 631.)

It was for the jury to determine what was the true version of the conversation and conduct occurring at the time the defend-

ant was arrested and the fair interpretation of such declara-
tions and conduct. If they believed that Domenico made re-
sponse to the accusation, saying that Phillips would be sorry
for having made it, it rested with them to say whether his com-
ment indicated righteous indignation at being wrongfully ac-
cused or a threat of vengeance for making a just accusation.

We think this case clearly distinguishable from those already
cited where evidence of identification was held incompetent;
and find no error in the admission of evidence of the declara-
tions and conduct of the defendant when accused of the crime.

The judgment of conviction should be affirmed.

All concur.

Judgment of conviction affirmed.