THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM MONROE DOCKUM, Appellant.

Third Department, March 9, 1955.

*John S. Hall* and *Dominick J. Viscardi* for appellant.

*Daniel T. Manning, District Attorney,* for respondent.

ZELLER, J.  The record contains evidence which is more than sufficient to support the verdict of the jury convicting the defendant of robbery in the first degree.  However, we believe that errors during the trial affected substantial rights of the defendant and prevent an affirmance of the conviction.

The testimony established the following facts: The complaining witness, a young married woman, having walked with her child to a school bus stop, was returning to her residence over a lonely dirt road when she was accosted by a man whom she identified as the defendant.  She stated that he displayed a large jackknife, opened it, held it against her and instructed her to go into the bushes at the side of the road.  She went into the bushes as directed and the defendant, with the knife in his hand, demanded to see her undergarments and, after being persuaded to cease his sexual advances, ordered her to hand him any money she had with her.  She gave him a $20 bill.  The defendant then walked to a house in the neighborhood and, after receiving permission from the occupant, telephoned for a taxi in which he left the vicinity.  Sometime later, a $20 bill was

found behind a picture which hung on a wall near the telephone which the defendant had used.

After the defendant was taken into custody, he signed two statements which substantially corroborate the testimony elicited from the witnesses. These confessions were received in evidence. The defendant did not testify nor were any witnesses sworn on his behalf.

Particularly in these circumstances, where there was no conflict of testimony, the District Attorney should not have gone to the extent he did in his summation. He directed the attention of the jurors to extraneous matters and appealed to their passions. He said, "Just one phase I want you to keep in mind. * * * It is the principle of protection of a woman that takes her duty as a parent seriously. Now [the complaining witness] did not have to take her daughter up to Moriah or over a lonely dirt road in bad weather for the school bus. She could have sent her alone. But she did not. She got up in the morning and saw that little girl was placed safely on the school bus and went out at night and brought her home. She has the sense of responsibility of a parent. * * * We have a right to protect that sense of responsibility. You know it was said once about a mother and a child: It is a wonderful thing. Other people can love you but only a mother understands you. She works for you, she looks after you, she loves you, and she forgives you anything you may do. I say that that principle is involved in this case." He told the jury that the crime of the defendant was " one of the most heinous crimes committed in the County of Essex ", that the defendant " can consider himself lucky he was not in here charged with murder ", that the law does not allow men " to go about Essex County and perpetrate crimes of a sexual nature ", and that " the only way you can get in the right frame of mind to determine justice in this particular crime " is " to put your wife, or your sister or your daughter " in the place of the complaining witness.

In *People* v. *Fielding* (158 N. Y. 542, 547) it was said, " Language which might be permitted to counsel in summing up a civil action cannot with propriety be used by a public prosecutor, who is a *quasi*-judicial officer, representing the People of the state, and presumed to act impartially in the interest only of justice." In our opinion, the District Attorney in his summation directed the minds of the jurors away from the sole issue of whether the defendant had been proven guilty beyond a reasonable doubt to irrelevant and prejudicial matters upon which a conviction should not properly be based. This amounted

to more than a technical error. The statements were promptly challenged by defense counsel who moved for a mistrial. It should have been granted. (*People* v. *Tassiello*, 300 N. Y. 425.)

In our view, it was error to receive as evidence those portions of one of the confessions which relate to the defendant's undesirable discharge from the Army, his abnormal desires toward women in general and his urge concerning the complaining witness. These matters were irrelevant as well as prejudicial and not connected with the crime for which the defendant was being tried. The remainder of the confession, consisting mainly of the defendant's narrative of his purchase of the jackknife, his meeting with the complaining witness on the road, what occurred in the bushes and his subsequent conduct, was properly admitted in evidence.

We are further persuaded that it was substantial error to permit the exhibits to be taken into the jury room without the consent of the defendant. Section 425 of the Code of Criminal Procedure provides, '' The court may permit the jury, upon retiring for deliberation, to take with them any paper or article which has been received as evidence in the cause, *but only upon the consent of the defendant* and the counsel for the people.'' (Emphasis supplied.) At the conclusion of the charge, the District Attorney requested that the jury be permitted to take the exhibits with them to the jury room. The Trial Judge, without consulting defense counsel, granted the request. Defense counsel excepted. Thereupon, all the exhibits — the jackknife taken from the defendant, the confessions, an article of clothing belonging to the complaining witness, the $20 bill found behind the picture, photographs of the road, bushes and house from which the defendant telephoned for a taxi, the information and deposition used before the examining magistrate and the warrant issued by him — were taken into the jury room and remained there throughout the deliberations. What use was made of them we do not know, but we may not assume that the presence of such exhibits with the jurors during their deliberations did not influence their verdict.

Relevant to our view of this appeal are Judge Fuld's words in *People* v. *Mleczko* (298 N. Y. 153, 163) : '' Vicious though the crime was, convincing though the evidence of guilt may seem to be, we could affirm only if we were to announce a doctrine that the fundamentals of a fair trial need not be respected if there is proof in the record to persuade us of defendant's guilt. We are not prepared to announce such a doctrine.''

The judgment of conviction should be reversed and a new trial ordered.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Judgment of conviction reversed, on the law and facts, and a new trial ordered.