The People of the State of New York, Respondent, *v.* Leonard Alvarez, Appellant.

First Department, June 4, 1957.

*Otto F. Fusco* for appellant.

**Walter E. Dillon** of counsel (*Daniel V. Sullivan, District Attorney, Bronx County,* attorney), for respondent.

**Per Curiam.** In this case, the assistant district attorney made abortive attempts to offer proof which was clearly incompetent. In addition, he indulged in improper comment during summation. Adequate rulings by the trial court prevented error prejudicial to the defendant.

Trial tactics like those employed by the prosecutor in this case, could result in reversible error, even in the face of prompt action by the Presiding Judge, if the defendant were thereby deprived of a fair trial.

We reiterate that it is as much the function of the prosecutor as it is of the court to assure a fair trial to a defendant. " Even in cases of clearest guilt   *   *   *   it is the duty of the district attorney to refrain from over-zealous advocacy " (*People v. Slover,* 232 N. Y. 264, 267). While vigorous presentation and prosecution by an assistant district attorney is commendable, there is a marked difference between such zeal and conduct depriving a defendant of a fair trial.

Were it not for the fact that the guilt of the defendant was convincingly established, this record might well require a reversal. We are satisfied, however, that under all the circumstances, the error did not affect the substantial rights of the defendant (*People v. Vogelgesang,* 221 N. Y. 290; *People v. Malone,* 205 App. Div. 257).

The judgment of conviction should be affirmed by virtue of section 542 of the Code of Criminal Procedure.

BREITEL, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Judgment unanimously affirmed.