THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHESTER LEE, Appellant.— Appeal (1) from a judgment of the County Court, Westchester County, convicting appellant of murder in the first degree and sentencing him to life imprisonment and from each and every intermediate order therein made, and (2) from so much of an order of said court as denied his application in the nature of a writ of error *coram nobis* to vacate the judgment of conviction. Judgment and order denying application to vacate said judgment affirmed. No separate appeal lies from the intermediate orders which have been reviewed on the appeal from the judgment of conviction. On his appeal from the judgment, appellant contends that the evidence was insufficient to establish his guilt of felony murder and that he was deprived of a fair trial by the alleged prejudicial receipt of incompetent evidence, by a remark by the prosecutor in summation and by alleged material errors in the charge, all of which were admitted without objection or exception. This court may reverse a judgment of conviction and order a new trial " if it be satisfied that the verdict against the prisoner was against the weight of evidence or against the law, or that justice requires a new trial, whether any exception shall have been taken or not, in the court below " (Code Crim. Pro., § 527). In our opinion, the evidence warranted the verdict (*People* v. *Dancy,* 2 A D 2d 893, affd. 3 N Y 2d 761) which was not against the weight of evidence. At the beginning of the trial, appellant's trial counsel informed the jury that the defense was self-defense and he conducted the trial on the theory that appellant had nothing to hide. Appellant's brief, which was prepared by new counsel assigned by this court, states that a " study of the entire record makes it clear that self-defense was the only defense which could

reasonably have been interposed". Two written statements signed by appellant and his oral statement, recorded by a stenographer, were received in evidence. In the three statements, appellant admitted stabbing the deceased but claimed that he did so in self-defense. Appellant's trial counsel made no objection to the receipt of any portion of the statements and, in summation, stated that they were happy that the statements went into evidence. In the latter part of the oral statement, which was obtained from appellant by the then district attorney and his assistant, there were statements by the two in which they accused appellant of lying and said that they knew he was lying. After those accusations, appellant refused to answer further questions. In the prosecutor's summation, to which no exception was taken, a reference was made thereto. The general rule is firmly established that a person in custody, accused of a crime, has no duty to speak and that evidence may not be introduced to show that the defendant refused to answer questions by prosecuting officials (*People* v. *Abel*, 298 N. Y. 333; *People* v. *Rutigliano*, 261 N. Y. 103). If matter in a confession or statement is objectionable and prejudicial but severable, it should be severed from the admissible portion. If not severable, it should go to the jury with a warning and proper instruction (*People* v. *Loomis*, 178 N. Y. 400; *People* v. *Dockum*, 285 App. Div. 510). It is the duty of the prosecuting officials to refrain from overzealous advocacy (*People* v. *Slover*, 232 N. Y. 264; *People* v. *Nicoll*, 3 A D 2d 64, 78–79). In the case at bar, two written statements, freely and voluntarily made, were obtained from appellant by the police officials prior to the time the third statement was obtained. There is no complaint that there was anything objectionable in the first two statements. When the third statement was being obtained, appellant answered questions freely and voluntarily until he was accused of lying and realized that the prosecuting officials apparently had information causing them to doubt some of his factual statements about the homicide, such as those concerning the room wherein the homicide was committed. During the charge, to which no exceptions were taken, the court described the "statements" made by appellant and other evidence and said that the People contended they constituted "admissions by the [appellant] in the nature of confessions of the crimes charged". At times the court used the word "confessions". The statements and evidence were not confessions that appellant had committed the crime charged (22 C. J. S., Criminal Law, § 816; *People* v. *Reilly*, 224 N. Y. 90, 96; *People* v. *Brehm*, 218 App. Div. 266, 272) and it would have been preferable for the court to avoid the use of the word "confessions" and to make it crystal clear that appellant had not confessed that he had committed the crime of murder in the first degree (see, e.g., *People* v. *Doria*, 281 App. Div. 918; *People* v. *Rhodes*, 283 App. Div. 804). It is obvious that a request by defense counsel to clarify the matter concerning the use of the words "statements" and "confessions" would have resulted in a clarification. We do not think that the conduct of the prosecuting officials, in the absence of objection or exception, was such as to necessitate a new trial (*People* v. *Vanderborg*, 277 App. Div. 795, affd. 301 N. Y. 750; *People* v. *Slover*, 232 N. Y. 264, *supra; People* v. *Alvarez*, 4 A D 2d 45) nor are we satisfied that the verdict was against the law or that justice requires a new trial (Code Crim. Pro., §§ 527, 542). We do not think that the jurors were misled by the use of the word "confessions" in the charge or that their minds were not clearly directed to the true issues involved (see, e.g., *People* v. *Domenico*, 204 App. Div. 754; *People* v. *Dziobecki*, 3 A D 2d 493; cf. *People* v. *Carborano*, 301 N. Y. 39) or that the verdict was against the law or that justice requires a new trial (Code Crim. Pro., §§ 527, 542).

Some evidence showing that appellant had committed other crimes was admitted without objection. Some of that evidence might have been excluded if there were objections (see, e.g., *People* v. *Goldstein*, 295 N. Y. 61, 64; *People* v. *Buchalter*, 289 N. Y. 181, 217–218) although it has been said that the motive for the commission of a homicide is always open to inquiry at the trial, that considerable latitude in the proof is allowed and that any fact from which the jury may legitimately find or infer such motive acting on the defendant's mind is competent (*People* v. *Sutherland*, 154 N. Y. 345, 351–352). But, as previously indicated, when the entire record is considered, we are not satisfied that the verdict was against the law or that justice requires a new trial (Code Crim. Pro., §§ 527, 542). On his motion to vacate the judgment, appellant claims that he was deprived of a fair trial and constitutional rights because he was not properly represented by trial counsel. He relies on the failure of his trial counsel to object to the admission of alleged incompetent evidence and except to the charge, on the failure to place appellant on the stand and on the failure to obtain and produce other specified evidence. The appeals are divided into two sections, the first being the record of the appeal from the judgment. That record includes many papers not ordinarily contained in a record on an appeal from a judgment of conviction. We shall assume that the record on the appeal from the order contains matters of substance that are not found in or readily inferred from the record of the appeal from the judgment and that appellant may have recourse to the remedy sought in the motion (cf. *People* v. *Gruberman*, 281 App. Div. 853; *People* v. *Sadness*, 300 N. Y. 69, 74). We shall also assume that appellant may base his motion on the alleged incompetence of his trial counsel whom he retained in preference to the defense counsel that had been assigned by the County Court pursuant to section 308 of the Code of Criminal Procedure (cf. *People* v. *Frangipane*, 171 Misc. 610). On an application in the nature of a writ of error *coram nobis* to vacate a judgment of conviction, the appellant has the burden of proof to show that his constitutional and statutory rights were infringed (*People* v. *Girardi*, 2 A D 2d 701; *People* v. *Cooper*, 307 N. Y. 253, 260). On these records it does not appear that appellant was deprived of fundamental rights or effective representation or that the trial was a mockery of justice (see, e.g., *People* v. *Codarre*, 285 App. Div. 1087; *People* v. *Girardi*, *supra*). Appellant may have been entitled to reasonably competent counsel. He was not entitled to infallible counsel (*People* v. *Girardi*, *supra*; *United States* v. *Sumpter*, 111 F. Supp. 507, 511, affd. 228 F. 2d 290). Wenzel, Acting P. J., Beldock and Murphy, JJ., concur; Kleinfeld, J., concurs in the affirmance of the order denying the application to vacate, but dissents as to the affirmance of the judgment and votes to reverse the judgment and to order a new trial, with the following memorandum: It was improper for the district attorney to state in summation that he knew appellant was lying (*People* v. *Tassiello*, 300 N. Y. 425; *People* v. *Nicoll*, 3 A D 2d 64). It was error to allow into evidence appellant's statement to the district attorney, after his arrest, that "I am not answering any questions" (*People* v. *Abel*, 298 N. Y. 333). It was error to allow into evidence testimony as to prior crimes by appellant. And it was error for the court, in its charge, to refer to appellant's statements as "confessions" (*People* v. *Thomas*, 283 App. Div. 995; *People* v. *Doria*, 281 App. Div. 918; *People* v. *Rhodes*, 283 App. Div. 804). In my opinion, a new trial should be had in the interests of justice. Hallinan, J., concurs with Kleinfeld, J.