THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOL STEINHARDT, Appellant.

First Department, June 28, 1960.

*O. John Rogge* (*Joseph Lonardo* and *Nathan Kestnbaum* with him on the brief), for appellant.

*Robert O. Lehrman* of counsel (*Richard G. Denzer* and *H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* After a lengthy trial defendant was convicted on counts 1 and 2 of a four-count indictment charging the crimes of criminally buying and receiving stolen property and criminally concealing and withholding stolen property (Penal Law,

§ 1308). We are of the opinion that the guilt of defendant was clearly established and that there is ample proof to sustain the verdict.

The record conclusively demonstrates the defendant bought from one Geraldine Kinnard, for $15,000 in cash, a large quantity of valuable jewelry which comprised part of the proceeds of a robbery of a New York City jewelry store. The circumstances of the sale and transfer of the stolen merchandise plainly show defendant's guilty knowledge of its source. The pieces were traced through each of the successive holders: from the actual robbers, La Rosa and Pascucci, to Irving Cohen, who instigated the robbery and was the chief police informer; to Geraldine Kinnard, who was Cohen's friend and agent; and finally to the defendant.

We would affirm, without opinion, if it were not for the conduct of the public prosecutor which gives rise to the contention of the defendant that the conduct of the Trial Judge and prosecutor warrants a finding of reversible error. We do not condone the personal remarks and epithets of the prosecutor directed to defendant's trial counsel and the intrusion of the prosecutor's war record was unwarranted and in bad taste. A prosecutor must discipline himself to rely on the trial court's evaluation of objectionable conduct consequent on appropriate objections and the trial court in this case should have promptly admonished, and, if necessary, disciplined the offender.

The trial of this case commenced January 5, 1959, consumed 53 court days, and terminated on March 24, 1959. There were many personal exchanges between counsel which served to detract from the objectivity which should attend the presentation of evidence in the course of a trial. These exchanges emphasize certain personality traits which have no place in a trial, and, if projected in a close trial, might necessitate a new trial.

Improper conduct on the part of counsel, especially of the public prosecutor, should be promptly censured. Regardless of provocation by defense counsel, the public prosecutor, by virtue of his office and his duty, is obligated to address himself to the issues and avoid the injection of personalities and undue emotional involvement. We reiterate the admonition of the Court of Appeals in *People* v. *Slover* (232 N. Y. 264, 267): "Even in cases of clearest guilt * * * it is the duty of the district attorney to refrain from over-zealous advocacy."

The guilt of defendant has been clearly established and we feel that the conduct on the part of the prosecutor did not affect the substantial rights of the defendant. As was aptly stated in

*People* v. *Slover* (*supra,* p. 270): "It is inconceivable that the calmest and most dispassionate conduct on the part of the district attorney would have changed the result herein, and, therefore, the ends of justice require an affirmance under Code Criminal Procedure, section 542."

We have examined the other assignments of error and find they are without merit.

The judgment of conviction should be affirmed.

STEVENS, J. (dissenting). I dissent and vote to reverse and grant a new trial. The improper conduct of the Assistant District Attorney precluded the defendant from obtaining a fair trial. That is his right under our system of jurisprudence. Neither length of trial, expense nor inconvenience should serve as a basis for a denial of that right. I recognize that the majority holds that no substantial right of the defendant was affected. Mine is the contrary view. The conduct complained of was continuous, highly prejudicial, and so permeated the trial atmosphere that it was bound to influence the triers of the facts adversely to the rights of the defendant. The injection and balancing of the respective war records of the prosecutor and a witness for the defense; the eliciting of proof from at least one witness that she had pleaded guilty to charges arising out of the same facts and which were the same as those in the indictment (*People* v. *Edwards,* 282 N. Y. 413; *People* v. *Curatolo,* 7 A D 2d 996); the evidence of the attack on Cohen, taken together with the conduct referred to, deprived the defendant of a fair trial.

BOTEIN, P. J., BREITEL, VALENTE and McNALLY, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents and votes to reverse and grant a new trial, in dissenting opinion.

Judgment affirmed.