■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE I. JOHNSON, Appellant. — Appeal from a judgment of the County Court, Nassau County, rendered April 28, 1967, convicting defendant of burglary in the second degree, criminally possessing a loaded firearm, and possession of burglar's instruments as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and a new trial ordered. The findings of fact are affirmed. In our opinion, the prosecutor in his cross-examination of defendant improperly read from segments of defendant's concededly inadmissible statement which were not collateral to the issues at bar and were probative of the requisite ingredients of the crime for which defendant was on trial. (*Walder* v. *United States*, 347 U. S. 62; *Tate* v. *United States*, 283 F. 2d 377; *Bailey* v. *United States*, 328 F. 2d 542; *United States* v. *Curry*, 358 F. 2d 904.) As to the prosecutor's cross-examination with respect to prior incidents of misconduct for which defendant had not been convicted, we do not find, from the circumstances reflected in the record, that it was of such a prejudicial nature as to constitute a basis for reversal. However, in view of the fact that a new trial is being ordered herein, we deem it advisable to note our disapproval of the extent to which the prosecutor unnecessarily persisted in this type of cross-examination. (Cf. *People* v. *Sorge*, 301 N. Y. 198; *People* v. *Slover*, 232 N. Y. 264.) Beldock, P. J., Christ, Rabin and Benjamin, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: Defendant was apprehended with two others in the nighttime in the Muttontown Golf and Country Club into which they, acting in concert, had broken. Defendant was observed carrying a crowbar and a screwdriver. One of the men was carrying a loaded revolver. Defendant's guilt of each crime of which he was convicted was beyond doubt. After his arrest a written statement was taken

from defendant. On the trial the prosecutor acknowledged that the reqirements of *Miranda* v. *Arizona* (384 U. S. 436) had not been met. The trial court then expressly suppressed the statement. It was not used in the prosecution's case but when defendant took the stand the statement was used on cross-examination to attack his credibility. The court, at least three times, admonished the jury that such proof could be used only to impeach defendant's credibility and not as direct proof of the crime. In so doing the trial court followed *People* v. *Kulis* (18 N Y 2d 318). In that case a statement, inadmissible for violation of the Sixth Amendment right to counsel, was used for impeachment purposes in the cross-examination of the defendant. *Kulis* was decided after *Miranda* with full awareness of the strong language of the latter decision. Judge Keating, in dissent, after quoting from *Miranda,* expressed the opinion that " This language adequately disposes of any distinction between statements used on direct as opposed to cross-examination " (p. 324). The majority, nevertheless, distinguished between such uses and adopted some language of Mr. Justice FRANKFURTER in *Walder* v. *United States* (347 U. S. 62, 64–65) to say: " The prosecution cannot 'use the fruits of such unlawful conduct to secure a conviction' but '[i]t is quite another [thing] to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths. Such an extension of the *Weeks* doctrine [*Weeks* v. *United States*, 232 U. S. 383] would be a perversion of the Fourth Amendment.'" (*People* v. *Kulis, supra,* p. 323). Defendant would have us distinguish between statements obtained in violation of the Sixth Amendment, permitting their use for impeachment purposes on the authority of *Kulis*, and those obtained in violation of the Fifth Amendment, against self incrimination, denying such use of the latter. I cannot make the distinction. Both are violations of constitutional proportion. They should be treated in the same manner. With *Kulis* to guide us I think the trial court committed no error in permitting the limited use of the inadmissible statements on this defendant's trial.