THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GARLAND LATTA, Appellant.

Fourth Department, November 19, 1930.

*Daniel J. Seubert,* for the appellant.

*Clarence Unckless, District Attorney* [*Donald M. Mawhinney* of counsel], for the respondent.

PER CURIAM. We have examined the several alleged errors which appellant urges as ground for the reversal of the judgment of conviction against him and find that they are without substance, with the exception of those committed by the district attorney in his summary. In his final address to the jury the prosecuting officer made inflammatory and intemperate statements and assertions of personal knowledge designed to incite the prejudices and passions of the jurors and divert their attention from the evidence rather than to engage or stimulate their judgments. We condemn this practice, and were it not that we are convinced of defendant's

guilt, we should hold that the statements were " of a character calculated to irrevocably affect and sway the minds of the jurors " (*People* v. *Manganaro*, 218 N. Y. 9, 17) and reverse the judgment. (*People* v. *Watson*, 216 N. Y. 565; *People* v. *Slover*, 232 id. 264; *People* v. *Fielding*, 158 id. 542; *People* v. *Milks*, 55 App. Div. 384; *People* v. *Smith*, Id. 368; *People* v. *Teiper*, 186 id. 830.)

Defendant's counsel also made certain statements designed to arouse the sympathy and prejudice of the jurors, which were improper, and others for which we find no basis in the testimony. There was as little occasion or excuse for the improper remarks of defendant's counsel as there was for those made by the district attorney.

While " freedom of advocacy must not be held too strictly in check, it must not exceed the bounds of ordinary decency and decorum. * * * Even in cases of clearest guilt * * * it is the duty of the district attorney to refrain from over-zealous advocacy." (*People* v. *Slover*, 232 N. Y. 264.) The duty of defending counsel is not less or different.

We hold the view that both counsel offended against the rules for the proper conduct of the trial of actions, and that the misconduct of neither is available in excuse for the misconduct of the other.

The judgment of conviction should be affirmed under section 542 of the Code of Criminal Procedure.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment of conviction affirmed under the provisions of section 542 of the Code of Criminal Procedure.