The People of the State of New York, Respondent, *v.* Paul Carborano, Appellant.

Argued April 5, 1950; decided May 25, 1950.

*Joseph A. Solovei* for appellant.  I. Appellant did not have a fair trial.  Summation remarks alluding to the failure of appellant to call his wife and others as witnesses in his behalf was reversible error.  (*People* v. *Kehoe,* 253 App. Div. 762; *People* v. *Ferguson,* 245 App. Div. 837; *People* v. *Kilroe,* 201 App. Div. 549; *People* v. *Kearns,* 214 App. Div. 804; *People* v. *Bernstein,* 260 App. Div. 955; *People* v. *Rafkind,* 254 App. Div. 742; *People* v. *Hinksman,* 192 N. Y. 421.)  II. Appellant's basic right to remain mute upon advice of counsel, when emasculated as was here done, constitutes reversible error.  (*People* v. *Mleczko,* 298 N. Y. 153; *People* v. *O'Regan,* 221 App. Div.

331; *People v. Abel*, 298 N. Y. 333; *People v. Pignataro*, 263 N. Y. 229; *People v. Marendi*, 213 N. Y. 600; *People v. Rutigliano*, 261 N. Y. 103; *People v. Michor*, 226 App. Div. 569; *People v. Esposito*, 224 N. Y. 370; *People v. Manganaro*, 218 N. Y. 9; *People v. Wolf*, 183 N. Y. 464.) III. A line of questioning had been pursued by the prosecutor despite the well-recognized rule of law that it is reversible error to receive evidence upon the trial of an offense other than that charged. (*People v. Thompson*, 212 N. Y. 249; *People v. Loomis*, 178 N. Y. 400; *People v. McLaughlin*, 150 N. Y. 365.) IV. The trial court's change in position in first admitting this testimony and then excluding it after the damage had been done, added to the adverse effect on the jurors' minds. (*People v. Robinson*, 273 N. Y. 438; *People v. Conrow*, 200 N. Y. 356.)

*Miles F. McDonald*, District Attorney (*Frank Di Lalla* of counsel), for respondent. I. Appellant's trial was had, in every respect, according to law. Summation remarks alluding to the failure to call his wife and other witnesses in appellant's behalf were proper. (*People v. Sharp*, 107 N. Y. 427; *People v. Hovey*, 92 N. Y. 554; *Gordon v. People*, 33 N. Y. 501; *People v. Leonardo*, 199 N. Y. 432.) II. No prejudicial error was committed in considering appellant's right to remain mute on advice of counsel. (*People v. Mleczko*, 298 N. Y. 153; *People v. Abel*, 298 N. Y. 333; *People v. Pignataro*, 263 N. Y. 229; *People v. Dolce*, 261 N. Y. 108; *People v. Rutigliano*, 261 N. Y. 103; *People v. Marendi*, 213 N. Y. 600; *People v. Greenwall*, 115 N. Y. 520; *People v. Mull*, 167 N. Y. 247; *People v. Gillette*, 191 N. Y. 107; *People v. Guardino*, 286 N. Y. 132; *People v. Watson*, 216 N. Y. 565.) III. There was no prejudicial conduct on the part of the court or prosecutor. (*People v. Guardino*, 286 N. Y. 132.)

FULD, J. Carborano was convicted of two crimes of grand larceny in the first degree. In affirming, the Appellate Division did so under section 542 of the Code of Criminal Procedure, thereby recognizing that errors had been committed. We agree that the record contained sufficient evidence to have warranted a verdict of guilt, but not that the errors failed to affect defendant's substantial rights.

By suggestion and insinuation, the assistant district attorney who tried the case created the false impression that the defend-

ant at the time of his arrest was in possession of stolen property in addition to that charged against him (see *People* v. *Harvey*, 235 N. Y. 282, 294–295; *People* v. *Loomis*, 178 N. Y. 400, 403); that he had been previously convicted of or, if not convicted, arrested for the crime of receiving stolen property (see *People* v. *Slover*, 232 N. Y. 264, 268; see, also, *People* v. *Perry*, 277 N. Y. 460, 466–467); that he had been responsible for the falsification of testimony by one of the People's witnesses by intimidating him or otherwise instilling fear in him (see *People* v. *Pignataro*, 263 N. Y. 229, 236–237; *People* v. *Buzzi*, 238 N. Y. 390, 397–398; cf. *People* v. *Marino*, 288 N. Y. 411, 418); that he was guilty because he had refused to answer questions put to him by the police when taken into custody (see *People* v. *Abel*, 298 N. Y. 333, 335; *People* v. *Mleczko*, 298 N. Y. 153, 160; *People* v. *Pignataro*, 263 N. Y. 229, 236, *supra*); and that he had deliberately refrained from calling witnesses, some of whom were outside of the State, because he realized that their testimony would implicate him (see *People* v. *Sharp*, 107 N. Y. 427, 465; cf. *People* v. *Manning*, 278 N. Y. 40, 43).

Here was no isolated instance of error, but rather a persistent disregard of rules of law designed to safeguard the substantial rights of an accused. Though there may be " no yardstick to measure error and differentiate between the technical and the substantial " (*People* v. *Mleczko*, 298 N. Y. 153, 162, *supra*), and while we may not be able to say with certainty that, absent the errors remarked, the verdict would have been one of acquittal, we may say with some assurance that the repeated improprieties had a decided tendency to blur the issue for decision and to prejudice the jury. (See *People* v. *Tassiello*, 300 N. Y. 425; *People* v. *Mleczko*, 298 N. Y. 153, 162, *supra; People* v. *Posner*, 273 N. Y. 184, 190; *People* v. *Sobieskoda*, 235 N. Y. 411, 420; *People* v. *Marendi*, 213 N. Y. 600, 619–620.) In a very real sense, therefore, the defendant was deprived of his right to a fair trial, a trial neither colored nor influenced by irrelevant matters likely to mislead or confuse the jury. (See *People* v. *Tassiello*, 300 N. Y. 425, *supra*.)

Nor can a court's instructions to jurors to dismiss from mind matters improperly brought to their attention always assure elimination of the harm already occasioned. (See, e.g., *People*

v. *Robinson*, 273 N. Y. 438, 445–446.) If it did, then the prosecution would be in a position to violate the rules of fair conduct with impunity, secure in the thought that the verdict, if one of guilt, would not be upset as long as the judge simply directed the jury to disregard what had occurred. The decision in each case as to whether the trial was fair or unfair, whether the error was harmless or prejudicial, must of necessity depend upon the nature of the proof adduced and upon the type of error committed. In the present case, while the court may have corrected some of the improprieties, neither its instructions nor its admonitions could possibly have cured the prejudice resulting from their commission.

The judgments should be reversed and a new trial ordered.

LOUGHRAN, Ch. J., LEWIS, CONWAY and DESMOND, JJ., concur with FULD, J.; DYE and FROESSEL, JJ., dissent and vote for affirmance under section 542 of the Code of Criminal Procedure.

Judgments reversed, etc.