THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD CHARLES GARCIA, Appellant.

First Department, April 14, 1959.

*Robert J. Sisk* of counsel (*Florence M. Kelley,* attorney), for appellant.

*Marshall H. Kozinn* of counsel (*Daniel V. Sullivan, District Attorney*), for respondent.

*Per Curiam.* This defendant was indicted on two counts. He was charged with the felonious sale of a narcotic drug (Penal Law, § 1751, subd. 1) and with unlawful possession of such drug (Public Health Law, § 3305). After a trial, he was convicted on both counts, and sentenced to State prison for a term of not less than 6 nor more than 10 years.

The indictment charged that on January 19, 1957, the defendant unlawfully sold two packages of heroin to another for the sum of $10. The defendant, a user of drugs, was not arrested until May 18, 1957. The defendant maintained that he had never seen the detective who purchased the drug, a Detective Pardo, before his arrest and that the officers had apparently mistaken him for his brother who is also a narcotic user.

Two other officers identified the defendant as the man whom they had seen talking to Detective Pardo and one Arius, a known narcotics suspect, on the afternoon in question. The entire episode occurred between 4:30 and 5:00 P.M., with the

periods of actual observation of the person of the defendant by the individual officers approximately 10 to 15 minutes. Apparently none of the officers knew the defendant before the occurrence of January 19, 1957. The question of identification was of primary importance. One of the primary objectives of the defense was to establish that the identification of the defendant was erroneous.

Detective Pardo testified on direct examination and identified the defendant as the person from whom he had made the purchase. On cross-examination he was asked whether in addition to the notations made on the envelope [in which he placed the 2 packages of heroin] he had made other notes. The officer testified that he had made notes on a scrap of paper and later transcribed such notes on another form, a UF-61. He testified to the physical description of the defendant which he had written thereon, and that he had looked at the UF-61 about a week earlier. He was then asked if he had " any other notes in this case " and replied in the affirmative. These notes were produced, handed defense counsel and the witness testified the notes were the only notes made by him aside from the initial scrap paper and the regular police form. He was then asked, " Q. And this is a full description of what transpired, is that right? " and answered " Yes, ma'am."

On redirect examination, this paper which referred to the seller as " Pewee " was offered and received in evidence over the objection of defense counsel. We are of the opinion, under the circumstances of this case, that this was prejudicial error.

" A party may not, ordinarily, bolster up the testimony of his witness by showing that he has previously made statements of the same tenor." (Richardson, Evidence [8th ed.], § 530; *Crawford* v. *Nilan*, 289 N. Y. 444, 450.) A recognized exception to the general rule exists where the testimony of the witness has been assailed as a recent fabrication. Then his testimony " may be confirmed by proof of declarations of the same tenor before the motive to falsify existed " in order to repel such imputation. (*People* v. *Katz*, 209 N. Y. 311; *People* v. *Singer*, 300 N. Y. 120, 123.) The People contend that the document was admissible under the exception stated.

There was not the slightest suggestion by the defense in the reference and utilization of the document nor in the interrogation that Detective Pardo's testimony was a recent fabrication. Nor was the cross-examination on that score of a nature to assail or challenge his veracity by the imputation of false motives. The witness had testified in detail and the document was not at variance with his testimony; it merely confirmed it.

The argument of the People that the document was admissible by reason of section 393-b of the Code of Criminal Procedure which provides " When identification of any person is in issue, a witness who has on a previous occasion identified such person may testify to such previous identification " is similarly without merit. The memorandum referred to the seller as " Pewee " and did not identify the defendant as that seller. It was nothing more than a prior consistent statement.

Errors were committed by the Assistant District Attorney also in his summation in what was equivalent to unsworn testimony on fingerprints and his reference to the lengths to which the defendant, a user of narcotics, would go in order to get heroin.

There was not here an isolated or single error but a series of errors which when taken together lead irresistibly to the conclusion that the defendant was denied a fair trial. (*People v. Carborano,* 301 N. Y. 39.)

The judgment of conviction appealed from should be reversed on the law, and in the exercise of discretion a new trial ordered, for errors committed in the reception of certain evidence and in the summation of the Assistant District Attorney.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Judgment unanimously reversed upon the law, and in the exercise of discretion a new trial ordered.