William E. Ringel, P. J.
The defendant, an attorney, was convicted after trial of a violation of subdivision Cl of section 30 of the New York City Traffic Regulations (passing a red light).
In addition to the facts constituting the alleged violation, the police officer added to his sworn complaint, and under his signature, the following statement, set off by an asterisk: “ defendant *567 was abusive & promised Ms influence with certain people would hinder my career.”
These words and their patent or implied threat, allegedly made by tMs defendant, do not constitute any allegation pertaimng to the alleged violation with which the defendant is charged, nor for which he was tried. If true, this added statement charges some crime or offense which, however, was not necessary to be established in the cause for which the defendant was being tried. TMs added matter can only be regarded as scandalous, and is objectionable. (People. ex rel. Allen v. Murray, 22 N. Y. S. 1051.) It reflects upon the integrity of the defendant, and is patently scandalous, inflammatory and prejudicial. It is also obvious that the statement complained of was inserted in the complaint for the purpose of creating bias and prejudice against the defendant.
Inclusion in a complaint of irrelevant, scandalous and inflammatory matter, calculated to prejudice the court reqmres a reversal in the interest of justice (People v. Carborano, 301 N. Y. 39) and the scandalous matter referred to is hereby ordered stricken from the complaint (vide Allen v. Murray, supra).
Were tMs the only question raised on this appeal, the case would be remanded to the Magistrates’ Court for a new trial. (People v. Carborano, supra.) However, appellant also argues that his guilt has not been established beyond a reasonable doubt.
A reading of the minutes of this comparatively long trial, sustains tMs contention. The alleged traffic violation occurred at an irregular three-street intersection. The testimony of the police officer, the People’s only witness, is uncertain and contradictory. In this connection we cannot overlook the remarks of the learned Magistrate below, who toward the conclusion of the trial stated: ‘1 Well, all right, I don’t like it. I’d rather have a jury.”
The judgment should be reversed, complaint dismissed, defendant discharged and fine ordered remitted.
Loscalzo and Dunaie, JJ., concur.
Judgment reversed, etc.