■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD GOLDSTON, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted.    Memorandum: Defendant appeals from a judgment of conviction of burglary, third degree, and grand larceny, second degree. He claims several errors in his trial and, except for one with which we shall deal, we would affirm the judgment of conviction.    It was alleged that the defendant and a codefendant, one Gore, had committed the crime.    The court permitted the admission of a statement of the codefendant Gore which implicated the appellant in the commission of the burglary.    The court permitted police officer Ryan to testify that in the Gore statement, he admitted the crime and said that he was accompanied by the defendant.    No objection was taken to this testimony and the court did not caution the jury or make any statement to indicate that the codefendant's admissions were not binding on the defendant. That this is prejudicial error requiring a reversal has clearly been established by decisional law (*People* v. *Marshall,* 306 N. Y. 223; *People* v. *Greico,* 17 A D 2d 855).    One case has gone so far as to hold that even when the court instructed the jury that such a statement was not binding on a codefendant, repeated references by the prosecution in the summation and the unwarranted continual use of the statement were so prejudicial as to make a new trial necessary (*People* v. *Lombard,* 4 A D 2d 666).    Notwithstanding the failure to object, the admission of the statement was so prejudicial as to require, in the interest of justice, a new trial (Code Crim. Pro., § 527).    Judge FULD in *People* v. *Carborano* (301 N. Y. 39, 43) asserts the principle which should be followed: "The decision in each case as to whether the trial was fair or unfair, whether the error was harmless or prejudicial, must of necessity depend upon the nature of the proof adduced and upon the type of error committed." (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and grand larceny, second degree.)    Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.