■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY MATTHEWS, Appellant.— Judgment convicting defendant after jury trial of unlawful possession of a weapon as a felony (former Penal Law, § 1897, subd. 3) unanimously reversed and vacated, on the law and in the interests of justice

and a new trial directed. The reversal is required because the defendant did not receive " a fair trial, a trial neither colored nor influenced by irrelevant matters likely to mislead or confuse the jury." (*People* v. *Carborano,* 301 N. Y. 39, 42.) The clearly improper and prejudicial remarks of the Assistant District Attorney in his closing address " had a decided tendency to blur the issue for decision and to prejudice the jury." (*People* v. *Carborano, supra,* p. 42.) Among other things, the Assistant District Attorney improperly commented upon the failure of defendant to open (see *People* v. *Van Arsdale,* 242 App. Div. 545); he unfairly attacked the integrity of defense counsel; he improperly injected personalities in the case in that he stated in effect that such counsel had " the dastardly gall of a lawyer saying the district attorney was a party " to planting a gun on defendant, in that he stated that counsel was pulling " the rubber band beyond its capacity ", and that defense counsel's summation was " about as sly and cunning a one as you are going to hear "; in further appealing to the sensitivities and emotions of the jury, he asserted that defendant's " way of life is to carry a gun " and that " [t]he only thing that's in jeopardy is society "; and his summation did improperly include racial overtones (see *People* v. *Hearns,* 18 A D 2d 922; *People* v. *Burris,* 19 A D 2d 557; *People* v. *Burney,* 20 A D 2d 617), including his remarks that he wished he " could use the adjectives that I'd like to use in attempting to get the two votes of two Negro men sitting on this jury." The Assistant District Attorney's improper remarks may not be justified on the ground of improprieties in the summation of defense counsel. (See *People* v. *Bowen,* 32 A D 2d 926.) " The misconduct of neither [counsel] is available in excuse for the misconduct of the other." (*People* v. *Latta,* 231 App. Div. 7, 8.) " Regardless of provocation by defense counsel, the public prosecutor, by virtue of his office and his duty, is obligated to address himself to the issues and avoid the injection of personalities and undue emotional involvement." (*People* v. *Steinhardt,* 11 A D 2d 107, 108.) Although in that case, this court affirmed the conviction, deeming the trial misconduct not to be harmful, the Court of Appeals reversed, saying (9 N Y 2d 267, 269) : " The People do not deny the number and character of these deviations from proper trial practice but they assert that defense counsel goaded the prosecutor into many of the latter's improper statements and that in every instance or almost every instance the trial court, by instructions to the jury, saw to it that the jury disregarded the incidents. Neither of these explanations impresses us as adequate. Over and over again courts have reminded prosecutors that they are something more than mere advocates or partisans and that they represent the People and the People's justice in presenting proof." " We reiterate that it is as much the function of the prosecutor as it is of the court to assure a fair trial to a defendant. ' Even in cases of clearest guilt  *  *  *  it is the duty of the district attorney to refrain from over-zealous advocacy ' (*People* v. *Slover,* 232 N. Y. 264, 267). While vigorous presentation and prosecution by an assistant district attorney is commendable, there is a marked difference between such zeal and conduct depriving a defendant of a fair trial." (*People* v. *Alvarez,* 4 A D 2d 45, 46.) It is clear that although the evidence in this case supports the jury's verdict of guilty, we may not overlook the particular trial misconduct. To do so, would amount to an improper holding " ' that the fundamentals of a fair trial need not be respected if there is proof in the record to persuade us of defendant's guilt ' (*People* v. *Mleczko,* 298 N. Y. 153, 163)". (*People* v. *Steinhardt,* 9 N Y 2d, pp. 269–270, *supra*; *People* v. *Rosenfeld,* 11 N Y 2d 290, 300.) Concur — Stevens, P. J., Eager, Markewich and Nunez, JJ.; Capozzoli, J., concurs in the following memorandum : I concur, but do not agree with all of the criticism contained in the court's memorandum of decision. My con-

currence is based on the improper comments of the Assistant District Attorney as to the failure of defendant to open to the jury, and also his expression of a wish that he " could use the adjectives that I'd like to use in attempting to get the two votes of the two Negro men sitting on this jury ". Were it not for these improprieties I would not join in the reversal because, other than these, the remarks of the Assistant District Attorney were prompted by the unfair attack made by defense counsel against him and the police. Said remarks constituted a reasonable defense of the integrity of the prosecution witnesses and were not calculated to deprive defendant of any rights. And, even if same did exceed the bonds of propriety, they would not, in my opinion, standing alone, have necessitated a reversal.