■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE GARCIA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 18, 1972, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and in the interests of justice, and new trial ordered. Defendant was convicted of manslaughter in the second degree, for the fatal shooting of Israel Guadalupe in the early morning of August 2, 1968. At the trial, defendant testified that the decedent, without provocation, attacked him with a garbage can and that, when defendant grabbed a rifle from a compan-

ion to defend himself (Penal Law, § 35.15, subd. 2, par. [a]), it went off, killing the decedent. Whether defendant acted with the specific mental state required by the statute, i.e., "recklessly cause[d] the death of another person" (Penal Law, § 125.15, subd. 1) and whether the slaying was justified because the decedent had been unlawfully using deadly physical force and defendant knew that he could not retreat with complete safety (Penal Law, § 35.15, subd. 2, par. [a]) were issues upon which the evidence was very close. Upon cross-examination of a key prosecution eyewitness, one Rodriguez, defense counsel attempted to introduce evidence that Rodriguez was under indictment and was then in custody for shooting at defendant. The trial court excluded all inquiries on this subject. In our opinion, the trial court erred and deprived defendant of a fair trial. The existence of a pending indictment against a prosecution witness for an act committed against defendant is a proper subject for cross-examination, since it is relevant to show the witness' possible bias toward defendant and to show his possible interest in gaining favorable treatment by testifying for the prosecution (3A Wigmore, Evidence, § 949; *People* v. *Milks,* 70 App. Div. 438; *Purdee* v. *State,* 118 Ga. 798; *Alford* v. *United States,* 282 U. S. 687; *United States* v. *Masino,* 275 F. 2d 129). Nor can this error be treated as harmless. The impact of this information upon the jury, in determining Rodriguez' credibility, might have been considerable, in view of testimony that Rodriguez had threatened to kill defendant shortly before and after Guadalupe's slaying. Moreover, certain improper remarks of the Assistant District Attorney in his summation "had a decided tendency to blur the issue for decision and to prejudice the jury" (*People* v. *Carborano,* 301 N. Y. 39, 42). He unfairly attacked the integrity of defense counsel (*People* v. *Lombardi,* 20 N Y 2d 266; *People* v. *Matthews,* 33 A D 2d 679) and, in appealing to the emotions of the jury, he asserted: "Now, gentlemen, you know in this community of ours, Brooklyn, in the State of New York, we have laws that govern the conduct of everyone. Laws that regulate our community, our living. We don't have one set of laws for an area where certain people live and where people come to our land, these great United States, and they come into New York State, they have to live by the law as it is here in the State of New York, not by the law of some other community, and if there was a feud going on, you just don't take the law in your own hands because, gentlemen, just as soon as you let down on the barriers of the law, just as soon as this community does not uphold the law, well you can just imagine what's going to happen. We'll have chaos, isn't that right?" (See *People* v. *Matthews, supra.*) We have examined all of the other points rasied by defendant on this appeal and find them to be without merit. Rabin, P. J., Hopkins and Shapiro, JJ., concur; Munder and Martuscello, JJ., dissent and vote to affirm.