■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HARDING, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 4, 1972, convicting him of receiving unlawful gratuities (two counts), grand larceny in the third degree, promoting gambling in the second degree (two counts), official misconduct (two

counts), conspiracy in the third degree (two counts), and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial granted. Circumstances under which testimony given in a previous proceeding by a since deceased witness may be introduced at a trial in a criminal case are specified in CPL 670.10. Subdivision 1 of that section provides that the testimony sought to be introduced must have been elicited at " (a) a trial of an accusatory instrument, or (b) a hearing upon a felony complaint  *  *  *  or upon a misdemeanor charge  *  *  * or (c) an examination of such witness conditionally" pursuant to other Criminal Procedure Law provisions. Testimony of the deceased witness in the instant case was given at a police disciplinary hearing, which is not one of the proceedings enumerated in CPL 670.10. Therefore, the disciplinary hearing testimony was not admissible as prior testimony and should have been excluded at the trial. Additionally, defendant had been deprived of the representation of counsel, over his strenuous objection, during an entire day of the testimony of the deceased witness at the police disciplinary hearing. Even were the provisions of CPL 670.10 construed as nonexclusive, we would still be constrained to reverse because of the deprivation of the right to counsel. Gulotta, P. J., and Christ, J., concur; Munder, J., concurs, but only on the first ground set forth in the above memorandum. Brennan and Benjamin, JJ., dissent and vote to affirm the judgment, with the following memorandum: We are not in accord with the view of the majority that the categories for use in a criminal proceeding of testimony given in a previous proceeding set forth in CPL 670.10 are exclusive and preclude the reception of evidence taken from another trustworthy and reliable source (*Fleury* v. *Edwards,* 14 N Y 2d 334). We do not deem the character of the tribunal in which the former testimony was taken as controlling. "If the accepted requirements of the administration of the oath, adequate opporunity to cross-examine on substantially the same issue, and present unavailability of the witness, are satisfied then the character of the tribunal whether judicial, legislative, or administrative, and the form of the proceedings are immaterial, and the former testimony should be received" (McCormick, Evidence, § 235, p. 496). We perceive no valid 1·:son why this established rule, ordinarily applicable in civil cases, should not be extended to criminal cases, thereby opening the door to the reception of reliable and trustworthy testimony in the quest for truth. We note that the authority above-quoted indicates a need for improvement in existing practice in the area of the admission of former testimony (*id.*, § 238). Where, as here, the testimony of the deceased witness, Thelma Bodrick, was taken under oath at the administrative disciplinary hearing, there was substantial identity of the issues, and the defendant's constitutional rights to counsel, cross-examination and confrontation were adequately protected at the hearing, we believe the recorded former testimony of the witness was properly received at the trial of the related criminal charges. In any event, error, if any, in the admission of this testimony was harmless and does not warrant reversal. The decision in each case as to whether error was harmless or prejudicial must of necessity depend upon the nature of the proof adduced and upon the type of error committed (*People* v. *McKinney,* 24 N Y 2d 180, 185; cf. *People* v. *Carborano,* 301 N. Y. 39). In the light of the other overwhelming evidence of defendant's guilt, and the additional fact that the testimony in question was merely cumulative, we are satisfied that the admission of this testimony was harmless beyond a reasonable doubt and made no contribution to the conviction (cf. *Harrington* v. *California,* 395 U. S. 250). Nor do we deem ground for reversal the fact that defendant's retained

counsel did not attend on the first day of the administrative hearing. It appears that counsel was given notice of the hearing on a number of occasions, but for reasons best known to himself chose not to attend on the first day of the hearing. This is not an instance where a defendant was completely deprived of counsel (*Gideon* v. *Wainwright*, 372 U. S. 335). Here, the apparently calculated absence of counsel on the first day of the hearing was not critical. It appears that counsel was present on the second day of the hearing and was given ample opportunity to cross-examine the witness, Bodrick, after having familiarized himself with the transcript of the record of the first day's proceedings. We have considered defendant's remaining contention concerning the unanimity of the jury verdict and find it to be without substance.