■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT

CARUSO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 21, 1976, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Margett, J. P., Rabin and Mollen, JJ., concur; Titone, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: In my opinion, the summation of the Assistant District Attorney, which contained an unrelenting attack upon the defense attorney, had a decided tendency to blur the issues for decision and to prejudice the jury (see *People v Carborano,* 301 NY 39, 42; *People v Garcia,* 40 AD2d 983). The summation is replete with remarks such as: defense counsel "distracted you from what the evidence is in this case" and "set up a red herring to say maybe all the evidence is not there"; "that's just another smoke screen, that's just another distraction"; "what else is Mr. Schacher [defense counsel] doing to confuse you and to distract you and to put blinders on your eyes?"; ad infinitum. From its inception it is obvious that the Assistant District Attorney, in her summation, was more concerned with characterizations of defense counsel than with fair comment on the evidence. Moreover, the fact that her remarks may have been made partly in response to those made by defense counsel in his summation does not justify the former's improprieties during her summation. Regardless of provocation by defense counsel, a public prosecutor, by virtue of his office or duty, is obligated to address himself to the issues and avoid the injection of personalities and undue emotional involvement *(People v Matthews,* 33 AD2d 679; see, also, *People v Steinhardt,* 9 NY2d 267, 269). I am also of the opinion that the trial court erred in not directing the Assistant District Attorney to refrain from continuing her attack upon defense counsel. By overruling each and every objection by defense counsel to such remarks, the trial court erroneously gave standing to them as legitimate argument, indicated to the jury that there was no impropriety and encouraged the Assistant District Attorney to continue employing such tactics (see *People v Ashwal,* 39 NY2d 105, 109). Therefore, while it cannot be said that absent such errors the verdict would have been one of acquittal, I believe the repeated improprieties of the Assistant District Attorney and the refusal of the trial court to inhibit her from continuing such activity, tended to obfuscate the issues and to prejudice the jury. Consequently, the defendant was deprived of his right to a fair trial, to wit, a trial not influenced by matters likely to mislead or confuse the jury (see *People v Carborano,* 301 NY 39, 41, *supra).* The right to a fair trial is self-standing and proof of guilt, however, overwhelming, can never be permitted to negate this right *(People v Crimmins,* 36 NY2d 230, 238).