■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT SHIPPEE, Appellant.—Appeal from a judgment of the Saratoga County Court, rendered January 27, 1977, upon a verdict convicting defendant of the crime of burglary in the third degree. The testimony of accomplices Bartlett, Berg and Eggleston as to the defendant's participation in the crime and the testimony of the nonaccomplice Hook as to the admission made by the defendant overwhelmingly establish the defendant's guilt. The testimony of Berg did not, as the defendant contends, constitute a rational basis for the submission to the jury of the lesser included offense of criminal trespass in the second degree (Penal Law, § 140.15). Berg testified that the defendant handed him a carton of beer taken from the clubhouse barroom. Thus, even Berg's testimony indicates that the defendant entered or remained in the clubhouse "with intent to commit a crime therein" (Penal Law, § 140.20). The only other point warranting comment is the imprudent summation of the District Attorney, who told the jury "I live in Saratoga Springs, and 9 months or so ago I was the victim of an attempted burglary. I practice law in Ballston Spa. In the last three years our office has been broken into twice. It has been burglarized. No one has been caught with regard * * * to these instances that I speak of. Herbert Shippee has been caught. He has been apprehended. He is in the process of being tried, and that process is about to culminate." No objection to this was made by the defense. Were it not for the certain proof of guilt and the failure to object, these irrelevant and inflammatory comments would require reversal. (See, e.g., *People v Ashwal,* 39 NY2d 105; *People v Carborano,* 301 NY 39, 42.) Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.