OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant, upon his trial for criminal sale of a controlled substance, relied solely upon the defense of agency. The prosecutor, in an apparent effort to refute the defense, repeatedly attempted to question an arresting officer concerning defendant’s possession of “buy money” when he
 
 *932
 
 was arrested. Defense counsel’s immediate objections to these efforts to elicit such testimony were, in each instance, sustained. The only testimony on the matter reaching the jury was to the effect that money had been given to the witness, the witness vouchered the money, and a list of “buy money” had been prepared. Notwithstanding the limited nature of the testimony actually elicited, defendant urges that he was deprived of a fair trial by the prosecutor’s persistent questioning on the point, which, it is contended, left the jury with the impression that defendant had kept some of the money given him by the undercover officers to purchase drugs, thus undercutting his agency defense.
 

 Although persistent and improper questioning of this nature is to be discouraged and may,. in a given case, constitute such error as to warrant reversal of a defendant’s conviction, we are not persuaded that this defendant was prejudiced by the prosecutor’s conduct. Critical to our determination is the fact that the jury was never informed that the money referred to by the prosecutor had been recovered from defendant. The prosecutor’s inability to lay a foundation for testimony regarding the list of “buy money” apparently rendered academic the question of where the money had come from, and the prosecutor did not pursue the matter any further. Thus, we conclude that the questioning on this matter, although potentially prejudicial, cannot be deemed to have had the impact on the jury which defendant urges, inasmuch as the jury had insufficient information to reach the conclusion defendant claims undercut his agency defense.
 

 Moreover, and equally important to this determination, the court took care to instruct the jury that it should disregard all testimony regarding the list, because the witness had insufficient knowledge to give testimony on the matter. We have recently recognized the utility of curative instructions for preventing the jury from drawing unwarranted inferences
 
 (People v Berg,
 
 59 NY2d 294, pp 299-300). The instruction given in the present case was adequate to remove any doubt that the prosecutor’s inappropriate questioning would have an unfair impact upon the jury.
 

 
 *933
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 Order affirmed in a memorandum.