■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ORTIZ, Appellant.—Judgment, Supreme Court, Bronx County (Stadtmauer, J.), rendered April 12, 1984, which convicted defendant, upon a jury verdict, of robbery in the first degree, and imposed sentence, unanimously reversed, on the law, and in the interest of justice, and the matter remanded for a new trial.

Defendant was convicted of robbery in the first degree for a knife point robbery on the afternoon of November 9, 1982, in the vicinity of Third Avenue and 179th Street in The Bronx. He contends that the cumulative prejudicial effect of inflammatory and improper remarks made by the prosecutor during summation deprived him of a fair trial. We agree, and, despite the strength of the prosecution's case, are constrained to reverse. The defense's trial strategy was to attack the credibility of the complainant, a former heroin addict and methadone clinic outpatient with a history of visual and auditory hallucinations, two suicide attempts, including one of the eve of trial, and four psychiatric hospitalizations. Although no knife was

recovered from defendant or at the scene, complainant's testimony that he was armed with a brown handled kitchen knife was corroborated by the blood on her blouse and a small hole in the lower back area of both her blouse and jacket. In addition, Dr. Jeffrey Friedman of St. Barnabas Hospital testified that he treated her for a "slight small laceration" on her back, consistent with being caused by a sharp object such as a knife. The major inconsistency in complainant's version of the incident involved the timing of defendant's use of the knife.

It is axiomatic that the prosecutor in summation may respond to defense counsel's summation arguments. (People v Galloway, 54 NY2d 396, 398.) However, it is improper for the prosecutor to use inflammatory language which appeals to the sympathies and fears of the jury (People v Matthews, 33 AD2d 679; People v Garcia, 40 AD2d 983); to make remarks which attempt to shift the burden of proof from the People to the defendant (People v Grice, 100 AD2d 419, 421); and to lead the jury away from the issues by mischaracterizing the defense and impugning the integrity of defense counsel (People v Matthews, supra).

The District Attorney concedes error in the prosecutor's statement that "if anybody here becomes a victim of a crime, you would be very fortunate to have those two officers come to your aid." This comment was improperly designed to arouse the jury's sympathy. The People also concede that the prosecutor improperly attempted to shift the burden of proof from the People to defendant by referring to defendant's failure to introduce evidence that complainant had not, as she claimed, purchased the watch just before the alleged robbery. "It is, of course, absolutely improper for a prosecutor to suggest that a defendant has an obligation to call witnesses on his own behalf [citations omitted]." (People v Grice, supra, p 422.) The People maintain, however, that the trial court's curative instructions sufficed to remedy the first error, and that the latter error was harmless in view of the overwhelming evidence of defendant's guilt.

We believe that reversal is mandated in view of the combination of these errors and the obdurate pattern of inflammatory remarks throughout the prosecutor's summation. The prosecutor unfairly impugned defense counsel's integrity. He derisively termed defense counsel's summation as "the art of twist and the art of exaggeration", stated that "he criticizes her [the complainant] bitterly", and asked rhetorically "is he trying to distort the facts in your eyes?" The prosecutor

mischaracterized the defense, as illustrated by the following excerpt from the trial transcript:

[PROSECUTOR]: "The victim said she saw the knife and he held it right up to her, and there was a hole in the jacket and a hole in the sweater and a cut on her skin, and the doctor said that it was consistent with a knife wound. The Defense Counsel mentioned to you * * * that the doctor said that the knife wound could have been caused anywhere from thirty minutes to twelve hours ago. * * * Is the Defense Counsel arguing to you that it was really caused twelve hours before? The Defense counsel reminded you that it's a small hole. It's true. *Maybe Patrice Barney is lucky that it was such a small hole.*

[DEFENDANT'S ATTORNEY]: "I object to that as appealing to their sympathy.

[PROSECUTOR]: "No sympathy.

[THE COURT]: "Overruled.

[PROSECUTOR]: *"Is there anybody who wishes the hole to be larger?* * * *

[DEFENDANT'S ATTORNEY]: "Oh, Judge, he is clowning around.

[PROSECUTOR]: *"The Defense Counsel suggests to you that there should have been more holes* in this jacket because the knife was not only held up to this one place on the jacket causing the hole. * * * *Is the Defense Counsel arguing to you that she should have been cut more than one time; there should have been more holes?* So the knife didn't make more holes. * * * *Are we supposed to criticize because she wasn't stabbed more than once?"* (Emphasis added.)

In a similar vein, the prosecutor argued:

[PROSECUTOR]: "Mr. Slovis [defendant's attorney] quoted from Mr. Shakespeare and said, 'oh what a web we weave when first we practice to deceive.' Did you get the feeling, did anybody get the feeling that when Patrice Barney took the stand and said what happened, that she was deceiving you? * * * Is there anybody who felt that she was lying; that all it really was was a drug transaction? Is there anybody who felt that her entire testimony was concocted? Is there anybody who felt that before she left that afternoon or that morning or whatever time she left her home, she put on this sweater, she put on this jacket, took a knife, stuck it into her ribs just a little bit so that it didn't hurt that much and cause too much blood, stuck it into her ribs and then went out looking for some patsy that she could blame a robbery on? Is that what the Defense Counsel is arguing to you?"

If the aforementioned collective errors were susceptible of harmless error analysis, the threshold of reversible error was irretrievably crossed when the prosecutor, in his most egregious accusation suggested defense counsel might know where the knife was. As well as impugning defense counsel's integrity, this bordered upon an impermissible comment concerning defendant's failure to testify. "Ultimately, sufficient harmless errors must be deemed 'harmful' ". *(People v Dowdell,* 88 AD2d 239, 248.) Given the credibility issue, it cannot be concluded that the evidence of guilt was overwhelming and a conviction assured in the absence of these rampant episodes of prosecutorial misconduct. Defense counsel objected or made motions for a mistrial with respect to each of these several errors, and thus properly preserved the issue for review. Concur—Sandler, J. P., Fein, Milonas, Rosenberger and Ellerin, JJ.