■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON MUNOZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered April 2, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that he was deprived of a fair trial by the introduction into evidence of approximately $1,593 of currency which was found on his person at the time of his arrest for the mere possession of drugs. This argument has not been preserved for appellate review (CPL 470.05 [2]). Moreover, the record indicates that defense counsel stipulated to the introduction of the currency into evidence, and consequently, the defendant's claim of prejudice must fail *(People v Ramirez, 125 AD2d 343)*.

With respect to the alleged improprieties in the People's summation, a review of the record indicates that the People's summation was generally within " 'the four corners of the evidence' " *(People v Ashwal, 39 NY2d 105, 109)*. Although certain comments by the prosecutor during summation were better left unsaid, the court gave prompt curative instructions which eliminated any potential prejudice to the defendant *(see, People v Gibbs, 59 NY2d 930)*. In any event, any errors in the prosecutor's summation were harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Galloway, 54 NY2d 396)*.

The defendant also argues that the trial court erred in refusing to instruct the jurors that they could draw an unfavorable inference from the failure of the People to call as witnesses two police officers who were on the scene at the time of the incident. We disagree. The record does not establish that either of the two missing witnesses observed the incident or that their testimony would not be cumulative *(see, People v Gonzalez, 68 NY2d 424)*.

We have reviewed the defendant's remaining arguments and find them to be without merit *(People v Chaitin, 61 NY2d 683; People v Suitte, 90 AD2d 80)*. Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.