■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS JAMES, Also Known as JAMES CURTIS, Appellant.— Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered on January 29, 1988, convicting defendant after a jury trial of criminal sale of a controlled substance in the first degree (Penal Law § 220.43), for which he was sentenced to a term of incarceration of 15 years to life, unanimously affirmed.

In this "buy and bust" operation, in which defendant initiated a sale of a sizable quantity of cocaine, on behalf of himself and a partner, to a confidential informant and an undercover State Police officer, we are persuaded that defen-

dant's agency defense was disproved beyond a reasonable doubt *(see, e.g., People v Roche,* 45 NY2d 78; *People v Argibay,* 45 NY2d 45).*

Defendant had solicited the informant while in jail, contacted him afterwards, negotiated prices, acted as a principal in arranging delivery terms, and apologized to the undercover officer for delivery difficulties and attested to the cocaine's high quality. This behavior clearly evinced defendant's interest as being more than that of a mere agent for the buyer. *(See, People v Roche, supra,* at 85.)

With respect to the informant's testimony on redirect that he had met defendant in jail, counsel attempted to develop contradictions and inconsistencies which were calculated to discredit the informant's testimony, and thereby opened the door to correction on redirect by appropriate inquiry into relevant surrounding circumstances *(cf., People v Melendez,* 55 NY2d 445, 451). It must be presumed that the jury followed the court's curative *(People v Berg,* 59 NY2d 294, 299) and limiting *(People v Gibbs,* 59 NY2d 930, 932) instructions.

Defendant's challenges to the prosecutor's summation comments are unpreserved as a matter of law (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641), and we decline to review in the interest of justice. His various challenges to the court's supplemental instructions on the agency defense are similarly unpreserved as a matter of law. (CPL 470.05 [2].) Review in the interest of justice is not warranted. In any event there is no error in the summation or supplemental instructions. Concur —Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.