■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE McCRAY, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered February 17, 1988, convicting defendant, after a jury trial, of grand larceny in the fourth degree and sentencing him, as a predicate felon, to

an indeterminate prison term of from 2 to 4 years, unanimously affirmed.

Defendant snatched complainant's shoulderbag at the 103rd Street IND subway station and attempted to flee, but was apprehended by a Transit Authority policeman. The bag contained, among other things, $1,860 worth of jewelry and $32 in cash.

We find defendant's argument that prosecutorial misconduct denied him a fair trial to be without merit. The prosecutor did not vouch for the veracity of a transit police officer in asking the jury, *inter alia,* "[w]hat do you think? Officer Williams is making this up?" These rhetorical questions clearly were not an expression of personal opinion by the prosecutor *(see, e.g., People v Lovello,* 1 NY2d 436). Similarly, the prosecutor was not vouching for the People's case when he characterized the evidence as "incredibly powerful" and "simply overwhelming". These remarks followed the prosecutor's detailed analysis of the strong evidence in the case and, as such, the comments were fair and accurate.

The prosecutor did not shift the burden of proof when, in reference to defendant's implausible postarrest statement, the prosecutor stated that defendant had a "big problem" in that he could not satisfactorily explain why he was caught in flight with the shoulderbag and immediately identified. These remarks, when read in context, were a fair response to the defense argument which attacked the transit patrolman's credibility and theorized that the defendant was actually a bystander who pursued the real thief *(see, e.g., People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). In any event, as the court correctly conveyed the burden of proof requirements to the jury, the jury is presumed to follow the instructions as given *(see, People v Davis,* 58 NY2d 1102).

Nor did the prosecutor denigrate the defense by, *inter alia,* referring to defendant's statement to the transit officer as "an insult to [the jurors'] collective intelligence". This argument, which addressed defendant's factually implausible argument, did not exceed the "broad bounds of rhetorical comment permissible in closing argument" *(People v Galloway,* 54 NY2d 396, 399).

We have considered defendant's remaining contentions and find them similarly lacking in merit. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.