■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GERALD PROPER, Appellant.—Mercure, J. Appeal from a judg-
ment of the County Court of Ulster County (Vogt, J.), ren-
dered March 27, 1990, upon a verdict convicting defendant of
the crimes of rape in the first degree and sodomy in the first
degree.

Defendant was indicted on charges of rape in the first
degree, sodomy in the first degree and aggravated sexual
abuse in the second degree in connection with a series of
events that defendant maintained was a consensual sexual
encounter with a 17-year-old girl. Following a trial, defendant
was convicted of rape in the first degree and sodomy in the
first degree. Defendant was sentenced as a second felony
offender to concurrent prison terms of 12½ to 25 years and
this appeal ensued.

The principal question on this appeal is whether the cumu-
lative effect of the comments made by the prosecutor during
summation deprived defendant of his right to a fair trial. In
addition to the testimony of the complainant, the People
introduced the testimony of both the doctor and the nurse
who saw the complainant in the emergency room, the com-
plainant's sister, several State Troopers and a laboratory
technician. Substantial testimony was devoted to the attempts
to capture defendant, apparently calculated to convey his
consciousness of guilt with respect to this incident. Defendant
testified on his own behalf, maintaining that he in fact had
intercourse with the complainant on the night in question,
that it was entirely consensual and that he ran from the
police not because of the incident, but because of another
outstanding warrant against him. Defendant also testified that
he observed the complainant drinking beer and smoking
marihuana prior to their sexual encounter.

During summation, after alluding to the importance to the
defense of establishing the complainant's involvement with
drugs and alcohol immediately prior to the incident and
praising the laboratory technician, the prosecutor referred to
the technician's testimony that the complainant "had not
consumed any drugs within at least 24 hours of that blood
sample being taken" and that there was no alcohol in her
system. The prosecutor then stated that the technician would
"only * * * render [his opinion] when he is satisfied in his
heart, in his soul and in his mind that what he tells you is

correct. And what he testified to is right on the money". The prosecutor then went on to comment on defendant's failure to call certain witnesses concerning defendant's attempt to avoid capture and the complainant's consent, stating "if what [defendant] told you here was true * * * [w]hy doesn't his sister step into this courtroom * * * and why isn't * * * his best friend [the other alleged witness] here telling you what [he] apparently saw at PJ's that night and what [he] told [defendant] about the Saugerties warrant".

It is fundamental that a prosecutor may not vouch for the credibility of his witnesses (see, People v Lovello, 1 NY2d 436), thereby "making himself an unsworn witness and supporting his case by his own veracity and position" (supra, at 439). Although we agree with the People that the prosecutor's comments about the complainant's credibility were fair in light of defendant's attacks on her veracity (see, People v Galloway, 54 NY2d 396, 399), defendant never attacked the veracity of the technician. Thus, the prosecutor's comments as to his credibility were clearly improper, constituted an expression of personal opinion (see, People v Lovello, supra; cf., People v McCray, 167 AD2d 304, 305, lv denied 77 NY2d 880) and served to bolster scientific evidence that contradicted the testimony of the defense. Moreover, the prosecutor improperly referred in summation to defendant's failure to call two witnesses who were under his control and were expected to testify favorably to the defense. The prosecutor did not simply state that the jury could assume that the uncalled witnesses' testimony would not have supported the defense (see, People v Johnson, 167 AD2d 422, 422-423), but rather suggested that defendant bore a burden of proof on that issue (see, People v Ortiz, 116 AD2d 531, 532; People v Nunez, 74 AD2d 805, 806; People v Ingram, 49 AD2d 865). We also note that the People requested and were denied a missing witness charge, thereby heightening the prejudice because defendant was deprived of the opportunity to explain why the witnesses were not called (see, People v Gonzalez, 68 NY2d 424, 428; 1 CJI[NY] 8.55, at 451-453). While these errors were not preserved for our review as a matter of law (see, People v Hoke, 62 NY2d 1022), given the magnitude of the errors and the fact that defendant's credibility was central to his defense, we cannot conclude that this substantial blow to his credibility was harmless (see, People v Ortiz, supra, at 534; People v Cobb, 104 AD2d 656, 659). Accordingly, reversal is required in the interest of justice.

To the extent that defendant's other contentions, including

those raised in his *pro se* brief, have been preserved for our review, we find them meritless.

Mahoney, P. J., Weiss, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Ulster County for a new trial.