■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND DIAZ, Appellant.—Judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered April 17, 1990, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 2½ to 5 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The question of the credibility of prosecution witnesses, including testimony that defendant was the driver of the stolen vehicle, was properly placed before the jury and, after considering the relative force of the conflicting testimony and the competing inferences which may be drawn therefrom, we find no reason on the record before us to disturb its determination. Also, the adverse inference charge given with respect to the release of the stolen vehicle without statutory notice to defendant, pursuant to Penal Law § 450.10 (10), was permissible, not mandatory, and the fact that the jury found defendant guilty does not mean that they failed to follow the court's instructions.

Defendant also contends that he was denied a fair trial by comments made in the prosecutor's summation. For the most part, these comments are unpreserved, and we decline to review the issue in the interest of justice. In any event, if we were to review the issue, we would find that the comments were fair response to the attack on the People's evidence and witnesses *(see, People v McCray,* 167 AD2d 304, *lv denied* 77 NY2d 880). Defendant's argument that the sentence imposed is excessive is without merit. Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.