■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DEFIGUEROA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 30, 1990, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the defendant, without making a request for a

recess or offering any explanation or excuse for his conduct, abruptly left the courtroom while a witness was on the stand and as a surveillance videotape depicting him disarming an interior burglar alarm at the burglarized premises was being played to the jury. The court permitted the playing of the videotape to continue for the approximately eight minutes during which the defendant was absent from the courtroom. The defendant now contends that he was deprived of his fundamental right to be present during a material stage of his trial. His contention is without merit.

The defendant, by his conduct, forfeited his right to be present, and the County Court was thus authorized to continue with the trial in his absence (see, People v Sanchez, 65 NY2d 436; People v Frank, 161 AD2d 794). We note, moreover, that no testimony was taken during the defendant's brief absence, that the defendant's attorney already had a copy of the videotape in question, and that the videotape was replayed in the courtroom in the defendant's presence while another witness was on the stand. The record thus demonstrates that, in any event, the defendant was at no time deprived of a meaningful opportunity to participate in all critical stages of his trial (see, People v Velasco, 77 NY2d 469; cf., People v Ramos, 173 AD2d 748).

We agree with the defendant, as did the County Court, that the prosecutor's reference to his failure to testify or present witnesses on his behalf was improper (see, CPL 60.15 [2]; Griffin v California, 380 US 609; People v McLucas, 15 NY2d 167; People v Carborano, 301 NY 39). However, the County Court's curative instructions were sufficient to eliminate any prejudice and the proof of the defendant's guilt was overwhelming. Accordingly, the defendant was not entitled to a new trial because of prosecutorial misconduct (see, People v Bryant, 163 AD2d 406; People v Jackson, 127 AD2d 696; cf., People v Carborano, supra). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.