*227 OPINION OF THE COURT
Martin J. Schulman, J.
This is a motion pursuant to CPL 330.30 (1) to set aside the verdict on the ground that certain remarks made by the prosecutor during her summation denied the defendant a fair trial. The People contend that the summation was proper, and that any error was harmless in light of the evidence of defendant’s guilt, the court’s curative instructions, and the court’s main charge to the jury.
Defendant was charged with criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), arising out of an incident which occurred on November 4, 1995 at 2:00 p.m. in Queens County. On that date, Police Officers Carmine Colletta and Ray Durell, while on routine patrol in a drug-prone location, observed defendant hand a sum of United States currency to an unapprehended other in exchange for a package, later determined to be 32 decks of heroin. As the officers exited their vehicle, they observed defendant place the heroin into his jacket and walk towards the corner. When the officers asked defendant to stop, he ran away, and a chase ensued. During this pursuit, defendant threw his jacket to the ground, which was recovered by Officer Colletta. Defendant then ran behind a church. As Officer Colletta approached the church to inquire of defendant, defendant walked towards him. Defendant was placed against a fence. A search of the jacket revealed the 32 decks of heroin, and a search of his person revealed $252. Defendant was then placed under arrest.
CPL 330.30 (1) provides that a defendant may move to set aside a verdict upon a ground which "if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.” This court finds that while the prosecutor’s summation did exceed the bounds of ethical propriety reversal is not mandated as a matter of law.
As a general rule, isolated instances of prosecutorial misconduct on summation are insufficient to justify reversal in the absence of an " 'obdurate pattern of inflammatory remarks throughout the prosecutor’s summation’ ”, or unless the prosecutorial misconduct " 'is so pervasive, so egregious’ ” and the prosecutor’s disregard of the court’s rulings and warnings is deliberate and reprehensible. (See, People v D’Alessandro, 184 *228 AD2d 114, 118-119; People v Ortiz, 116 AD2d 531; People v Sandy, 115 AD2d 27.) The essential question to be determined is whether a defendant has been deprived of the "fundamental right to a fair trial”. (See, People v Galloway, 54 NY2d 396.)
Defendant challenges various remarks made by the prosecutor during her summation, including the following: a comment implicating defendant’s failure to testify ("There is no testimony by this defendant that he was an addict or a drug user”); an implication that one defense witness was a drug user ("I submit to you, what does Dr. Fine do with these drugs once he receives them, ladies and gentlemen?”); comments demeaning the credibility of the defense and defense witnesses ("it is unbelievable that defendant is a drug user”); one witness was called "deliberately misleading”, whose testimony was "pure speculation”; another witness was "not be believed. He is incredible”; alleged mischaracterizations/misstatements of the evidence; and the use of inflammatory remarks to appeal to community prejudice ("what the defense is claiming is that we have a defendant out on the street using government money, public assistance, welfare checks, to purchase drugs”).
Defendant urges the court to set aside the verdict and order a new trial based upon the cumulative effect these comments may have had on the jury. Reversal for prosecutorial misconduct is "properly shunned”, however, when the misconduct has not substantially prejudiced a defendant’s trial, since reversal does not affect the prosecutor directly, but instead imposes the costs of retrying that individual upon society. (See, People v Galloway, supra.) An improper summation is to be assessed for its prejudicial effect, and whether that misconduct deprived the defendant of a fair trial. (See, People v Brosnan, 32 NY2d 254.)
Several remarks made by the prosecutor during her summation did exceed the bounds of legitimate fair comment. The prosecutor’s reference to defendant’s failure to testify was impermissible. (See, CPL 60.15 [2]; Griffin v California, 380 US 609.) Also, her statement that defendant was using welfare money to buy drugs was inflammatory, and was improperly designed to appeal to the prejudices of the jury. (See, People v Ortiz, supra.) Other comments made were overreaching, and counsel acted generally in an abrasive and unprofessional manner. It is the opinion of this court that the cumulative prejudicial effect of these remarks did effectively deny defendant a fair trial.
However, notwithstanding the improprieties of the prosecutor, the evidence adduced at trial was more than legally suf *229 ficient to establish defendant’s guilt, and any error made during summation was harmless. (See, People v Crimmins, 36 NY2d 230; People v Brosnan, supra; People v Kennedy, 216 AD2d 491; People v Holland, 215 AD2d 777; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837; People v Harris, 107 AD2d 761.)
The .prosecutor’s improper comments were rendered further harmless by the court’s curative instructions. All of the remarks complained of were followed by immediate sustained objections or sustained objections coupled with curative instructions, thereby preventing the jury from drawing any unwarranted inferences. (See, People v Gibbs, 59 NY2d 930; People v Berg, 59 NY2d 294.) The court promptly and forcefully instructed the jury to disregard any improper arguments made by the prosecutor.
In fact, the prosecutor’s behavior was so egregious that the court was ultimately compelled to order her to stop her summation and to sit down. The court was forced to step in as the "saving grace” to ensure that defendant had a fair trial. (See, People v Galloway, supra.) In short, the combined effect of prompt, forceful curative instructions with the ultimate rebuking of the prosecutor was sufficient to avert any possible prejudice to defendant. (See, People v Steven, 218 AD2d 678; People v DeFigueroa, 182 AD2d 772; People v Rodriguez, 174 AD2d 763.)
Finally, the court did instruct the jury in both its preliminary instructions and in its final charge that neither statements made by attorneys nor their summations constitute evidence. Defense counsel never objected to the charge or requested any additional charges. Since the jury is presumed to follow the court’s instructions, any alleged prejudice was effectively dissipated. (See, People v Gibbs, supra; People v Berg, supra; People v Lugo, 218 AD2d 711; People v Roopchand, supra.)
Accordingly, for the above-mentioned reasons, the motion is denied.