OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered March 16, 2004, reversed, on the law, judgment vacated and matter remanded for a new trial.
We hold that the cumulative effect of the prosecutor’s improper and inflammatory remarks in summation served to deprive defendant of his right to a fair trial (see People v Calabria, 94 NY2d 519 [2000]). While a prosecutor has wide latitude “to comment upon every pertinent matter of fact bearing upon the questions the jury ha[s] to decide,” such latitude does not permit “an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all rhetorical de *3 vices at his command” (People v Ashwal, 39 NY2d 105, 109 [1976] [internal quotation marks omitted]). Here, the prosecutor’s summation contained a substantial number of improper remarks that cannot be considered fair responses to the defense summation nor isolated instances of misconduct. The prosecutor exceeded the bounds of legitimate advocacy when he persistently attempted to improperly shift the burden of proof by (1) stating that he had an “ethical obligation to proceed only against the defendants who are guilty”; (2) implying that defendant has an obligation to introduce evidence when he argued to the jury “don’t allow the defendant to come in here and shift the blame, he’s the one on trial”; and (3) commenting on defendant’s pretrial silence (see People v Collins, 12 AD3d 33, 38 [2004]). The prosecutor compounded these errors when he blatantly vouched for the credibility of his witnesses (see People v Bailey, 58 NY2d 272 [1983]), referred to matters not in evidence, and sought to “lead the jury away from the issues by drawing irrelevant and inflammatory conclusions which had a decided tendency to prejudice the jury” against defendant (People v Ashwal, 39 NY2d at 110). For example, over objections which were overruled, the prosecutor argued that the police officers’ “job is to keep the street safe and to keep the community clean, and that’s what they did . . . [t]hey got a drunk driver off the road[,] an intoxicated driver before he did serious damage,” and then remarked, “this case is about the defendant putting all of our lives at risk, getting behind the wheel of a two ton truck.”
The People’s preservation arguments are unavailing since defense counsel specifically objected to over 30 comments and moved for a mistrial based upon the objections and the cumulative impact of the remarks.
Contrary to the People’s contention, corrective action in the form of a reversal and new trial is warranted despite what they describe as “the overwhelming evidence of defendant’s guilt.” While the People point to the police testimony indicating that defendant had vomit on his clothes, bloodshot eyes and smelled of alcohol, the record also reveals that on cross-examination, one of the officers conceded that in a videotape taken of defendant upon his arrival at the precinct, defendant’s clothing was not unkempt, he did not have bloodshot eyes and his speech was clear. The same officer further acknowledged that on the arrest report, he checked that defendant’s physical condition was “apparently normal,” and that on the incident forms, he *4 did not check off that defendant had bloodshot eyes, or that he was staggering, unconscious or intoxicated. Defendant took the stand and did not dispute the accident, but rather explained to the jury that he had fallen asleep at the wheel. Inasmuch as the finding of guilt rested squarely on the jury’s assessment of credibility, we cannot say that the persistent pattern of inflammatory remarks did not substantially prejudice the defense. “[W]hile we may not be able to say with certainty that, absent the errors remarked, the verdict would have been one of acquittal, we may say with some assurance that the repeated improprieties had a decided tendency to blur the issue for decision and to prejudice the jury” (People v Carborano, 301 NY 39, 42 [1950]). Where a prosecuh ’s misconduct has operated to deny a defendant his “fundi mental right to a fair trial,” a reviewing court must reverse the conviction and grant a new trial, “quite without regard to any evaluation as to whether the errors contributed to defendant’s conviction” since “[t]he right to a fair trial is self-standing and proof of guilt, however overwhelming, can never be permitted to negate this right” (People v Crimmins, 36 NY2d 230, 238 [1975]; see also People v Nevedo, 202 AD2d 183, 185-186 [1994] [reviewing court “constrained” to “reverse the conviction of a defendant who the evidence shows is almost certainly guilty of very serious and violent crimes” where the cumulative effect of the prosecutor’s summation errors denied the defendant a fair trial]).
Nor can we conclude that the trial court’s curative instructions were sufficient to ameliorate the prejudicial effect of the prosecutorial misconduct. “A court’s instruction to a jury to disregard matters improperly brought to [its] attention cannot ‘always assure elimination of the harm already occasioned’ ” (People v Calabria, 94 NY2d at 523, quoting People v Carborano, 301 NY at 42).
We find defendant’s arguments concerning the challenge for cause of a prospective juror to be without merit.